L. C. JACKSON, by Earlean Hoy, his guardian and next friend, Plaintiff-Appellant, *v.* CHICAGO TRANSIT AUTHORITY *et al.*, Defendants-Appellees.

(No. 54865;

First District—July 6, 1971.

Heller & Morris, and Jerome H. Torshen, Ltd., both of Chicago, (Benjamin H. Cohen and Jerome H. Torshen, of counsel,) for appellant.

James G. O'Donohue, O. R. Hamlink, Jerome F. Dixon, and Morton A. Resnick, all of Chicago, for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Plaintiff, L. C. Jackson, seeks damages for personal injuries allegedly caused by the negligence of defendant George Vlahos, operator of a bus for defendant Chicago Transit Authority (CTA). A jury returned a verdict in favor of plaintiff for $1,500.00. However, the court sustained the post-trial motion of defendants for judgment notwithstanding the verdict and plaintiff appealed.

On July 7, 1964, plaintiff boarded a CTA bus driven by defendant Vlahos proceeding south on Western Avenue, in Chicago. The bus had stopped shortly north of the north line of intersecting Van Buren Street. Plaintiff testified that the bus was then four or five feet from the west curb line of Western Avenue. Plaintiff was "getting ready" to pay his fare, and the bus had started to move away from the curb into traffic, when there was a loud crash and plaintiff was thrown backwards into the guardrail along the front steps. When plaintiff left the bus, it was about four or five feet from the curb.

The only other witness called by plaintiff, presently his wife, testified that she boarded the bus before plaintiff and sat down. The bus "pulled off" from the curb and then collided with a truck. When she descended from the bus, it was about six feet from the curb of Western Avenue. Defendant George Vlahos testified that he stopped the bus about half a car length north of Van Buren Street to pick up passengers. About five people entered the bus and he waited for additional passengers. While he was waiting, a truck, traveling in a southerly direction, passed the bus on the left side to make a right turn and touched the bus as it turned. When this occurred, he was "looking to the right." He did not see the truck at all before the impact occurred. He testified that, at that moment, he did not look into the sideview mirror.

■■ The first question involved here is the propriety of granting the post-trial motion for judgment for defendants notwithstanding the verdict. The applicable principle has been virtually codified in clear language by the Supreme Court. (*Pedrick v. Peoria & Eastern R.R.*, 37 Ill.2d 494, 510.) The judgment here was properly entered if all of the evidence, when viewed in its aspect most favorable to plaintiff, so overwhelmingly

favored defendants, that no verdict for plaintiff based on the evidence could ever stand.

In our opinion, the evidence presented a clear-cut factual issue between the parties. The crucial and decisive fact is whether the driver had placed the bus in motion at the time of impact. He testified that his bus remained standing four feet from the curb. If this testimony were to be accepted by the trier of fact, the conclusion necessarily follows that the driver was not guilty of negligence.

On the contrary, plaintiff and his wife both testified that the bus had started away from the curb lane at the time of contact with the truck. If so, there is clear evidence of negligence by the bus driver. It was his duty not to start his vehicle until he could do so, "with reasonable safety." (Ill. Rev. Stat. 1969, ch. 95½, sec. 11—803.) This type of conflict in the testimony presents a factual issue for determination by the jury. See, *Franks v. North Shore Farms, Inc.,* 115 Ill.App.2d 57, 70-71; *Shatkus v. Checker Taxi Co., Inc.,* 111 Ill.App.2d 1, 5; *Hanson v. Darby,* 100 Ill.App. 2d 339, 347.

Counsel for defendants argue earnestly and ably that the record merely presents a situation in which plaintiff made a *prima facie* case, the testimony of defendants met this case and the burden of proof of negligence by a preponderance of the evidence rested upon plaintiff. This theory is predicated upon decisions such as *Vischer v. Northwestern Elevated R.R.,* 256 Ill. 572. The principles set forth in this opinion are indeed the present law in this jurisdiction as regards the duty of a common carrier. (*Tolman v. Wieboldt Stores, Inc.,* 38 Ill.2d 519.) However, these principles do not quite resolve the issue here presented. It is true that the burden of proof rested upon plaintiff. But the question as to whether plaintiff sustained this burden is one of fact, which was properly submitted to the jury.

■■ We, therefore, hold that the judgment for defendants notwithstanding the verdict was incorrectly granted by the trial judge. But, this conclusion is not sufficient for disposition of the appeal. The trial court did not rule upon all the relief sought in the post-trial motion. The motion of defendants for a new trial, filed as a portion of their post-trial motion, remains undecided. It was the clear duty of the trial court to make a conditional ruling on the motion of defendants for a new trial. (Ill. Rev. Stat. 1969, ch. 110, sec. 68.1 (6).) The record is completely bare of any reason for the failure of the trial court to act in accordance with the statutory mandate.

This brings us initially to an inquiry as to whether defendants have waived their right to request a new trial. In this regard, we have considered the decision of this court in (*Hanson v. Darby,* 100 Ill.App.2d

339.) There, this court held that, "It was incumbent upon the defendant to obtain a conditional ruling upon his request for a new trial, and failing to do so, he is deemed to have waived this request." (100 Ill.App.2d 339, 349.) The decision in *Franks v. North Shore Farms, Inc.,* 115 Ill.App. 2d 57, throws no light upon this aspect of the problem. There, "The trial court refused to pass on the motion for a new trial although specifically requested to do so by defendant." (115 Ill.App.2d 57, 72.) As stated, the record in the instant case, certified to this court by counsel for plaintiff, fails to indicate any reason for failure of the trial court to pass upon the motion of defendants for new trial and fails to show whether or not defendants requested such ruling. Therefore, we believe that we should not apply the doctrine of waiver to the situation here.

■■   A classic definition of waiver is, "* * * an intentional relinquishment or abandonment of a known right or privilege." (*Johnson v. Zerbst,* 304 U.S. 458, 464.) The pertinent statute is not helpful here as it provides merely that the doctrine of waiver shall apply in situations where a party has failed, "* * * to seek a new trial in his post-trial motion, either conditionally or unconditionally * * *." (Ill. Rev. Stat. 1969, ch. 110, sec. 68.1 (5).) In addition, the reasons for the requested new trial do not appear from the opinion in Hanson. As we will shortly point out, there are basic considerations raised by the motion for a new trial completely aside from the weight of the evidence. In our opinion, denial of this motion on the ground of waiver would constitute a miscarriage of justice. Consequently, we hold that defendants have not waived their motion for new trial.

■■   The next inquiry is whether it will be necessary for us to remand the cause to the trial court for disposition of the motion for new trial. In *Franks v. North Shore Farms, Inc.,* 115 Ill.App.2d 57, this court decided that we have authority to pass upon the motion for new trial instead of remanding the cause to the Circuit Court for that purpose. This conclusion is based upon Section 7 of Article VI of the Illinois Constitution of 1870 which grants this court, "* * * such original jurisdiction as may be necessary to the complete determination of any cause on review." Similar authority is contained in Ill. Rev. Stat. 1969 ch. 37, sec. 32.1. This grant of jurisdiction is perpetuated in Section 6 of Article VI of the Illinois Constitution of 1970.

We express complete agreement with the ruling of the court in *Franks.* Although the trial court did have superior opportunities to view the witnesses, that factor is only of minimal importance here because, as will be shown, disposition of the motion for new trial does not turn completely upon the weight of the evidence. Furthermore, as so well pointed out in

*Franks,* the most expeditious method of achieving termination of this litigation is for this court to pass upon the motion for new trial and thus eliminate the possibility of repeated appeals.

Therefore, we will pass upon the motion for new trial upon its merits. Defendants' motion specified seven grounds. However, we need consider only three:

1. Plaintiff's counsel disregarded the rules of evidence and the rulings of the court to such an extent as to prevent defendants from obtaining a fair trial.

2. Plaintiff's counsel challenged defendant in the presence of the jury to produce additional photographs without basis in the evidence.

3. The final argument of plaintiff's counsel, predicated upon racial considerations, destroyed the possibility of a fair trial.

We will consider these grounds in order. First, however, we note that the evidence in this case was close and conflicting. As above pointed out, the case hinged upon determination of a single rather narrow factual issue. The jury may well have returned a verdict for either side. In such a situation, a reviewing court must exert most careful and vigilant supervision to make certain that the verdict resulted from a fair and impartial trial. *Anderson v. Universal Delta,* 90 Ill.App.2d 105, 113, 114; *Owen v. Willett Truck Leasing Corp.,* 61 Ill.App.2d 395, 402.

Apparently due solely to lack of trial experience, counsel for plaintiff (not the same counsel who represent him in this appeal) engaged in a series of unnecessary, unproductive and unseemly arguments with the trial court. On a number of occasions, counsel did not accept the ruling of the trial court and persisted in his objection. Several times, he repeated objectionable questions in virtually the same language. This led inevitably to a series of acrimonious exchanges between the court and counsel. At one point, both counsel, severally, requested a mistrial.

In addition, after defendants had rested their case, in the presence of the jury, counsel for plaintiff stated that he wished defendants to produce any additional photographs that their counsel might have. Counsel for defendants objected to this statement made before the jury. The court properly sustained the objection and directed that the remark of plaintiff's counsel be stricken. Plaintiff's counsel then told the court, also in the presence of the jury, that he would offer his client's testimony on that point in rebuttal. However, such testimony was never tendered. These tactics may well have left the jury feeling that counsel for defendants had withheld evidence; a conclusion totally unsupported by the record.

■■ Thereafter, during the closing statement made by plaintiff's counsel to the jury, he alluded to the fact that his client was Negro, as contrasted to the jurors, the attorneys and the court itself, who were all Caucasians.

The trial court properly intervened and told the jury to disregard the argument. The trial court acted with complete propriety. An argument of this type should not be made before any tribunal. It is an unmitigated appeal to prejudice and its effect could only be destructive of the proper administration of justice. However, counsel for plaintiff persisted in this argument and again alluded to the racial background of his client. The court properly admonished counsel and again directed the jury to disregard this argument.

Nevertheless, the damage had been done; and, although the jury was thus instructed, it may well be said that the admonition of the court operated only to rivet their attention more firmly to the prejudicial argument. The total and combined impact upon the jury of these three types of misconduct requires the granting of a new trial. See *People v. Romero*, 36 Ill.2d 315, 320; *Paulsen v. Gateway Transportation Co., Inc.*, 114 Ill. App.2d 241, 248; *Vandaveer v. Norfolk & Western Ry.*, 78 Ill.App.2d 186, 209.

In view of all of these circumstances, with particular attention again to the patently conflicting quality of the evidence, the conclusion follows that defendants were deprived of a fair and impartial trial. We, therefore, hold that the motion of defendants for a new trial should be allowed. Consequently, the judgment is reversed and this cause is remanded to the trial court with directions for the entry of proper orders vacating the judgment in favor of defendants notwithstanding the verdict and granting defendants a new trial.

Judgment reversed and cause remanded to the trial court with directions.

BURKE, P. J., and LYONS, J., concur.