THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALEXANDER VASQUEZ, Defendant-Appellant.

(No. 55995;

First District—November 15, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Terence J. Mahoney, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Alexander Vasquez, was indicted for attempted murder of two police officers and found guilty after a trial by jury. He was sentenced to the penitentiary for a term of not less than ten nor more than twenty years.

On appeal, the defendant contends that the State's prejudicial and inflammatory closing argument deprived him of his right to a fair trial and we agree.

In view of our determination to reverse and remand the cause for a new trial we need not detail the evidence. Briefly the record reveals that on November 16, 1969, police officers Carl Smith and Edward Tansey were patrolling an area. They observed the defendant in a group of persons and were aware that he was being sought in connection with another crime. As they approached, the defendant fled. The officers testified that a number of shots were fired at them by the defendant in an exchange of shots. The defendant escaped.

On April 6, 1970, the defendant was apprehended in connection with a traffic violation. He was subsequently charged with the crime of attempting to murder the two police officers. He took the stand in his own defense and denied shooting at Officers Smith and Tansey.

■■ In closing argument, the prosecutor made several remarks of such a prejudicial nature that we believe the defendant is entitled to a new · trial. Since it appears on the face of the record that the defendant did not receive a fair trial, the fact that objections were not raised in the trial court does not preclude defendant from raising them on this appeal. *People v. McGrath*, 80 Ill.App.2d 229, 234-5, 224 N.E.2d 660, 663.

At the end of his argument the prosecutor stated:

> "I consider Officer Tansey to be a fine police officer, but I consider Officer Smith to be a professional because by living in the same community he works out of, number one, he is subject to a lot more

danger. His family is subject to harassment, for what benefits. The benefits are he knows the people in that community, he knows what is going on in that community and that is the way it used to be. The policeman on the beat lived in that beat. He knew what was going on in the street which led to much greater law enforcement. Believe me, ladies and gentlemen, let's try to bring that back by showing these officers that the system of justice works.

I ask you, ladies and gentlemen, to vote a verdict of guilty. Not on what I have said to you because I consider what I have said to you unimportant. I am just the thirteenth juror in the case, ladies and gentlemen, nothing more * * *."

■■■ There was no evidence that Officer Smith's family was subject to harassment. Nor was that statement a legitimate inference from the evidence presented by the State. It is axiomatic that the prosecutor must confine himself to facts introduced in evidence and to the fair and reasonable deductions and conclusions to be drawn therefrom. (*People v. Beier*, 29 Ill.2d 511, 517, 194 N.E.2d 280, 283.) In the instant case, the argument effectively introduced the prosecutor's unsworn testimony in lieu of competent evidence.

To compound this error the prosecutor improperly aligned himself with the jury by telling them he was the thirteenth juror in the case. In *Greenberg v. United States of America*, 1st Cir., 280 F.2d 472, the United States attorney "commenced his final argument by informing the jury that he was 'a sort of thirteenth juror [who] applies his training in the evaluation of evidence, in analyzing evidence, and tries to convey to the jury just what part the evidence plays in the presentation of a case." (At p. 474.) "This flagrant self-vouching of a prosecutor as a 'thirteenth juror'" (*Patriarca v. United States*, 1st Cir., 402 F.2d 314, 320), has been condemned as "the ultimate in absurdity". *United States v. Cotter*, 1st Cir., 425 F.2d 450, 452.

■■ The evil of the argument is that in effect it tells the jury that the prosecutor is impartial, while such an argument flies in the face of our adversary system. As stated in *United Staes v. Cotter*, 1st Cir., 425 F.2d 450, 452.

"He may discuss the evidence, the warrantable inferences, the witnesses, and their credibility. He may talk about the duties of the jury, the importance of the case, and anything else that is relevant. He is not to interject his personal beliefs. The prosecutor is neither a witness, a mentor, nor a 'thirteenth juror'."

Upon a review of the entire record we believe a new trial is required.

Reversed and remanded.

DIERINGER, P. J., and ADESKO, J., concur.