THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES YOUNG, Defendant-Appellant.

(No. 74-215; 

Third District—November 6, 1975.

James Geis and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael Mihm, State's Attorney, of Peoria (F. Stewart Merdian and Michael Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, Charles Young, was charged with felony theft by indictment in September of 1973. He was found guilty by a jury in the Circuit Court of Peoria County, a judgment of conviction was entered thereon and defendant was sentenced to a term of imprisonment for not less than 2 nor more than 8 years in the penitentiary. The case had resulted in two previous mistrials before a conviction was obtained. A jury unable to reach a verdict caused one of the mistrials.

Young was convicted of felony theft for taking five automobile tires and wheels from an automobile owned by Budget Rent-a-Car. Officer John Rogers of the Peoria Police Department apprehended the defendant after he received a report of a black man stripping an automobile. Upon arriving at the scene to investigate, Officer Rogers saw a tire roll across the alley and moments later arrested the defendant, who was leaning against a 1965 Cadillac. The Oldsmobile owned by Budget Rent-a-Car had all its tires and wheels removed and three tires allegedly belonging to the Oldsmobile were in the open trunk of the Cadillac.

The defense asserted by Young, through his own testimony at trial, consisted of the excuse that he was merely transporting the tires and wheels for a Danny Grayson who defendant believed owned the Oldsmobile. Young admitted that he was not previously acquainted with Grayson but claimed he was being paid by Grayson to take the tires to the "Psychedalic Stop Light." The evidence indicated that the Oldsmobile involved had been stolen from an IBI agent who had rented it from Budget Rent-a-Car. No indicia of ownership was visible on the car. There was no evidence that the defendant knew the Oldsmobile was stolen.

Young testified that Grayson ran up the alley as the police squad car approached. Danny Grayson did not appear or testify at the trial to corroborate Young's version of the incident.

The defendant has raised five separate issues for review but because of the view we take of this case it is only necessary to consider one issue. Young contends on appeal that the prosecuting attorney, Mr. Serritella, made remarks during his closing argument which constituted reversible error. Specifically the defendant argues that the prosecutor erroneously commented on facts not in evidence, appealed to the jury's community interest, and offered his personal opinion of the defendant's guilt, all of which resulted in prejudicing the jury against him.

■■ We disagree with the defendant's contention that it was error for the prosecution to comment on the "fine job" done by the Peoria Police Department in apprehending defendant and in investigating the case. Such remarks were not of the same caliber as in those cases cited by the defendant requiring reversal. (*People v. Dukes*, 12 Ill.2d 334, 146 N.E.2d 14 (1957), *People v. Liapis*, 3 Ill.App.3d 864, 279 N.E.2d 368 (1972).) The remarks were not an improper appeal by the prosecutor to the jury's community interest.

However in reviewing the record several errors do appear in the closing argument presented by the prosecution. The assistant State's Attorney made improper reference to facts not in evidence which were highly prejudicial to the defendant's case and deprived him of a fair trial. The language called to our attention on appeal consisted of the following:

"The next point that came out, Mr. Egizii [Budget Rent-a-Car franchise operator] testified to the ownership of the car which is an element we must prove. He said that *Budget Rent-a-Car is owned by little people like you and me who have saved their money* and that the tires on that car belonged to Budget Rent-a-Car.

\* \* \*

So simply because I don't know who the car belonged to, that it belonged to Budget Rent-A-Car isn't important. The important

fact is that it wasn't his car and the owner never gave him any authorization to do it and the only person that he says gave him authorization is a guy by the name of Danny Grayson who we are not sure was even there, number one, and number two, *from what we have heard of Danny Grayson, he is not a very reputable person to say the least.* If Danny Grayson were to pull up and say to you, let's take these tires off this particular car I have here and transport them and you knew this fellow from seeing him around the streets and taverns, you would probably think to yourself, well this smells a little funny to me, I mean maybe the car's hot. I can't believe that it wouldn't strike you as being an incredible story. Quite frankly it was an incredible story the defendant told"

■■ No evidence was presented to indicate that "little people" like the jurors owned Budget Rent-a-Car. The evidence merely showed it was a corporation. The prosecutor sought to prejudice the jury against the defendant and win sympathy for the owners of the victimized automobile in an improper manner. The statement by Mr. Serritella that Danny Grayson was not a reputable person was not based on any fact introduced into evidence. Grayson did not testify and his character was not impeached in the least. Such a comment was error and was extremely prejudicial to the defendant. The defense consisted of the excuse that Grayson had authorized defendant to transport the tires for him. Not only was the prosecutor's comment not based on the evidence but it was the basis for the State's argument that anyone who dealt with Grayson under those circumstances should have been on notice that the car was stolen, even though there was no evidence that Grayson stole the Oldsmobile. The prosecutor's attack on Grayson's character was in reality the unsworn testimony of Mr. Serritella, the prosecutor. "It is axiomatic that the prosecutor must confine himself to facts introduced in evidence and to the fair and reasonable deduction and conclusion therefrom [in his closing argument]." (*People v. Beier*, 9 Ill.2d 511, 517, 194 N.E.2d 280, 283 (1963); *People v. Vasquez*, 8 Ill. App.3d 679, 291 N.E.2d 5 (1972).) The argument used by the assistant State's Attorney was not based on any evidence, but on his own prejudiced opinion with the result that the jury discredited the defendant's credibility and his defense. This seriously prejudicial argument so prejudiced and inflamed the jury that defendant was deprived of a fair trial.

■■ We believe the prosecutor also improperly offered his opinion of defendant's guilt when he said:

"You might say, well, the evidence is so overwhelming, what's the defendant doing in court? Why hasn't it been negotiated out?

Well, ladies and gentlemen, he has got a right to a trial, number 1, number 2 when you get 12 people in a jury box you never know what's going to happen and I will be the first one to admit it, I have tried a lot of jury cases. So some people decide they will take a chance, roll the dice. Different people do things different ways. But the people in this case are asking for justice and justice, the best definition of justice I know it is simply protection of the innocent, and there is no other way I know of that we have been able to come up with anything to protect the innocent except by punishing the guilty. In other words, you can't protect innocent people unless to take guilty people and somehow restrain and stop them from doing bad things to innocent people. That is what this is all about. I am not asking you to punish this defendant. I am asking you to protect your freedom and my freedoms by returning a guilty verdict in this case. There is absolutely no other verdict that could conceivably be possible. There is overwhelming evidence. Thank you."

The clear import of offering the jury a motive other than the defendant's innocence for his election to proceed to trial instead of pleading guilty is to express the prosecutor's personal opinion of defendant's guilt. The comment was improper and constituted reversible error. *People v. Anderson,* 406 Ill. 585, 94 N.E.2d 429 (1950); *People v. Provo,* 409 Ill. 63, 97 N.E.2d 802 (1951).

■■ The People argue that no objection was interposed at the trial to any of the claimed errors in the prosecutor's closing argument and that therefore the right to object by an appeal has been waived. (*People v. Conrad,* 81 Ill.App.2d 34, 225 N.E.2d 713 (1967).) However that position is inapposite to the doctrine of "plain error" which has consistently been applied to remedy errors so plain and prejudicial that failure to object to them is not a waiver for purposes of appeal. A relaxation of the ordinary waiver rule is appropriate in the instant case where the consequences of the plain error result in depriving defendant of a fair trial. The appellate court may consider assignments of error relating to seriously prejudicial arguments of counsel, even though no objection was made at trial. *People v. Briggman,* 21 Ill.App.3d 747, 316 N.E.2d 121 (1974); see *People v. Hope,* 22 Ill.App.3d 721, 318 N.E.2d 128 (1974).

Even though the court may relax the waiver rule, the case should not be reversed unless the closing argument of the prosecutor, which were not objected to at trial, is so prejudicial and inflammatory that it deprives the defendant of a fair trial and was a material factor in the guilty verdict of the jury. (See *People v. Simmons,* 21 Ill.App.3d 310, 315 N.E.2d 226 (1974).) The statements of the prosecutor in the case at bar

so prejudiced and inflamed the jury against the theory of Young's defense that he was deprived of a fair trial. Considering all the evidence, these same prejudicial closing arguments were a material factor in the guilty verdict returned by the jury and amounted to reversible error.

For the reasons stated the judgment of the Circuit Court of Peoria County is reversed and the cause remanded for a new trial consistent with the views expressed in this opinion.

Reversed and remanded for a new trial.

STOUDER and ALLOY, JJ., concur.