THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LLOYD HILL, Defendant-Appellant.
Third District   No. 76-77

Opinion filed January 11, 1977.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce Black, State's Attorney, of Pekin (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Following a jury trial in the Circuit Court of Tazewell County, defendant, Lloyd Hill, was convicted of aggravated assault and sentenced to 364 days at the State Penal Farm. On appeal the sole issue is whether certain remarks made by the prosecutor during closing argument were legitimate inferences from the facts and circumstances proved at trial.

For the following reasons we affirm.

On June 30, 1975, Clifton Marteness, his wife and child were driving home from the ADC office in Pekin when the defendant, who was in his car, began to follow them. According to Marteness' testimony at the trial, the defendant tailgated his auto and at one point, upon reaching a stopsign, collided with its rear end. As the chase continued, the defendant allegedly produced a handgun which he pointed at the back of Marteness' head. Defendant continued the chase until Marteness pulled into his mother-in-law's driveway, ran into his home and phoned the police. Marteness testified that the defendant continued to harass him and his family by driving up and down the street in front of Marteness' home from about 4 p.m. until 7 p.m.

At the trial Hill denied he threatened Marteness with a gun or collided with his car, although he admitted tailing Marteness and his family. He also testified that he was stopped by the police at 4:25 p.m. and that they searched his car but found no gun. Hill stated that he was stopped again by police at 6:17 p.m. and arrested for driving on a mutilated permit. At the close of the jury trial defendant was found guilty of aggravated assault in violation of section 12—2(a)(1) of the Illinois Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 12—2(a)(1)).

Defendant contends that the prosecutor's remarks during closing argument to the effect that a weapon is rarely recovered in cases such as aggravated assault went beyond the bounds of fair and proper argument.

■■ At the outset we note that without reaching the merits of the case, it is possible to conclude that the defendant waived any error regarding the prosecutor's remarks, since he neither objected during closing argument nor alleged improper argument in his post-trial motions. (See *People v. Guynn* (3d Dist. 1975), 33 Ill. App. 3d 736, 338 N.E.2d 239.) Furthermore, while the right to object by appeal will not be waived where there is plain error which deprives the defendant of a fair trial and was a material factor in the jury's guilty verdict (*People v. Young* (3d Dist. 1975), 33 Ill. App. 3d 443, 337 N.E.2d 40), we do not believe that the prosecutor's remarks during closing argument were prejudicial.

Nonetheless, we choose to decide this case on its merits in order to illustrate the bounds of fair and proper argument by the prosecution. As a general rule assumptions and statements not based on the evidence may not be argued to the jury. (*People v. Beier* (1963), 29 Ill. 2d 511, 194 N.E.2d 280; *People v. Johnson* (3d Dist. 1976), 35 Ill. App. 3d 666, 341 N.E.2d 443.) However, the prosecutor may argue legitimate inferences from facts in evidence, even absent direct evidence. *People v. Bolton* (3d Dist. 1976), 35 Ill. App. 3d 965, 343 N.E.2d 190.

Applying these rules to the instant case, we note the only evidence

tending to establish that defendant brandished a handgun during the period in question was the testimony of the complaining witness, Clifton Marteness. On the other hand, the defendant denied this allegation and, of course, no gun was ever recovered by the police. Given this conflicting evidence on the question of whether defendant ever possessed a handgun, we believe the State's contention during closing argument that the defendant disposed of the weapon between the time of the assault and the time of the search was an arguable inference based on the evidence at trial. This is true even though the defendant believes that other inferences were possible. *People v. Butler* (3d Dist. 1974), 21 Ill. App. 3d 331, 315 N.E.2d 144.

■■■ The defendant also contends that prejudice is clearly shown by the State's failure to corroborate Marteness' testimony. The State, however, is not obliged to produce every witness to a crime (*People v. Jones* (1964), 30 Ill. 2d 186, 195 N.E.2d 698), and its failure to call other witnesses does not create an inference that the other testimony would be adverse. (*People v. Graham* (1st Dist. 1970), 127 Ill. App. 2d 272, 262 N.E.2d 243.) Moreover, such minor discrepancies as appear in Marteness' testimony do not render his statements unworthy of belief, but only go to the weight of that testimony. (*People v. Henderson* (1st Dist. 1976), 36 Ill. App. 3d 355, 344 N.E.2d 239.) Therefore, the fact the State relied solely on the testimony of a single witness does not demonstrate any prejudice to the defendant even though that witness was not totally consistent in his testimony. Accordingly, we hold that it is proper for the prosecutor during closing argument to assert inferences based on evidence adduced at trial even though the evidence was contradicted and contrary inferences could be drawn from the same evidence.

For the foregoing reasons the judgment of the Circuit Court of Tazewell County is affirmed.

Affirmed.

ALLOY, P. J., and SCOTT, J., concur.