THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CANTRELL RICHARDSON, Defendant-Appellant.

Fifth District   No. 76-207

Opinion filed May 31, 1977.

Michael J. Rosborough and A. Michael Kopec, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James E. Dull, State's Attorney, of Mt. Vernon (Bruce D. Irish and Keith P. Vanden Dooren, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

After a jury trial, the defendant, Cantrell Richardson, was found guilty of robbery and was sentenced to two to six years' imprisonment. Defendant raises three issues on appeal. (1) Whether he was deprived of his right to a speedy trial pursuant to section 103—5(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b)). (2) Whether he was proved guilty beyond a reasonable doubt. (3) Whether the closing argument of the prosecutor was so prejudicial as to deprive him of a fair trial.

The relevant testimony shows that on November 3, 1974, Donald J. Watson, the victim, went to a tavern in Mt. Vernon in order to procure a "girl." The proprietor of the tavern directed Watson to defendant's house. Watson was introduced by defendant to a young woman named Carolyn. Watson and the woman went to a local motel and had intercourse. Watson then drove the woman to defendant's house. The woman would not get out of the car and demanded the television set which Watson had in his car. There had been no discussion of compensation for the woman's services. Watson refused to give her the television set, drove back to the motel, took the television and a pistol out of the car and went into the motel, and left the woman sitting in his car. While the victim was watching television, the woman, defendant, and another man entered the room. Watson tried to get his pistol, but was prevented from so doing by defendant's companion who took the pistol. After defendant took the television, the three persons left.

Defendant did not testify at trial. Three defense witnesses testified to being present when defendant and Watson were drinking liquor. They related portions of conversation between Watson and defendant which

indicated that Watson intended to make a gift of the television set to defendant. Leon McKinney testified that defendant, Carolyn, and he went to Watson's motel room in order to ask Watson why he brought Carolyn, McKinney's girlfriend, there. After some conversation, Watson pulled a gun. Watson then gave the gun to the defendant, told defendant to take the television set, and said that he would see him later. Watson is a caucasian while defendant, his witnesses, and Carolyn, who did not testify at trial, are black.

■■  The law is well established that the failure to file post-trial motions constitute a waiver of that issue and precludes a defendant from assigning that matter on appeal as grounds for reversal. (*People v. Yetter*, 386 Ill. 594, 54 N.E.2d 532; *People v. Picha*, 44 Ill. App. 3d 759, 358 N.E.2d 937.) Defendant's first contention is that his statutory right to a speedy trial was violated. The statutory right to a speedy trial is personal to the accused and may be waived by him. (See *People v. Nettles*, 107 Ill. App. 2d 143, 246 N.E.2d 29.) Therefore, we rule that defendant's failure to file a post-trial motion is a waiver of that issue and precludes us from reviewing it.

■■ ■  We are likewise precluded from reviewing the evidence of defendant's guilt in this case. In the absence of a post-trial motion, we can only consider the sufficiency of the evidence under the plain error doctrine of Supreme Court Rule 615(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)). This doctrine is intended as a means of ameliorating the harshness of a strict application of the waiver rule. By it, a court on review considers errors not properly presented which deprive the accused of substantial means of enjoying a fair and impartial trial or in which the evidence is closely balanced. (*People v. Howell*, 60 Ill. 2d 117, 324 N.E.2d 403.) Absent the prejudicial closing argument of the prosecutor, the evidence is not so palpably contrary to the weight of the evidence or the evidence so unsatisfactory as to create a reasonable doubt of defendant's guilt. Therefore, we refuse to reverse defendant's conviction without remand.

■■  Under the plain error doctrine, the appellate court may consider assignments of error relating to seriously prejudicial arguments of counsel although no objection was made at trial and no post-trial motion was filed. (*People v. Young*, 33 Ill. App. 3d 443, 337 N.E.2d 40.) In the case before us pertinent parts of the prosecutor's closing arguments are as follows:

> "First of all, concerning the defendant's witness, you have to remember that they don't live in the same social structure that we do, that you and I do. The witnesses that the defendant brought are street people—simple as that. The society they live in do not consider the truth a great virtue. The society they live in, they lie

every day. It is nothing to them to protect one of their own kind by lying.

\* \* \*

I think they are lying, or more kindly say mistaken but it is not the truch [*sic*]. You didn't hear the truth today. Leon McKinney, who is our man like Imogene Miller, has a prior conviction. Here is another teller of truth. You can tell by his great upstanding record as a citizen of the United States, convicted of robbery. The same charge the defendant is convicted of, or accused, excuse me. Now how can you believe this. Does it make any sense to you that people like this tell the truth? Not especially, if one of their own is being prosecuted by white society. I don't think so. I would think a situation presented like this, I would be the first one to get up there and say "my brother isn't going to be convicted"—that is what is happening today, Ladies and Gentlemen of the Jury. We abide by the law—they do not. That is the difference.

\* \* \*

I believe you have heard the evidence and I believe but then again what I believe doesn't matter, it's what you believe. Did D. J. Watson tell the truth? Yes, he did. Would the defendant's witnesses lie? Yes, they would. They are lying to save a friend, lying to bust society, our society, that is the difference.

\* \* \*

That is the difference between a man telling the truth and a bunch of people getting together to lie, and they are lying.

\* \* \*

Here is Mr. Watson here saying, "yes, I had intercourse, I had intercourse with a black woman." That is embarrasing. It is so embarrasing [*sic*] it is reasonable to believe the rest of the story is true. When a man comes up and says "yes, I had intercourse with a black" wouldn't [*sic*] lie about anything else. If he is going to lie about anything else, he wouldn't admit having intercourse with a black woman. Now that is reasonable. He is telling you the truth. This is the way it happened."

The overall tenor of the prosecution's closing argument was an appeal to passion and prejudice and an attempt to unfairly affect the credibility of the witnesses in the eyes of the jury. These were not isolated instances but constituted a clear plan to undermine the judicial process. An argument of this type should not be made before any tribunal. It is an unmitigated appeal to prejudice and its effect could only be destructive of the proper administration of justice. (*Jackson v. Chicago Transit Authority*, 133 Ill. App. 2d 529, 273 N.E.2d 748.) The apparent attempt to

depict defendant's witnesses as liars, not on the basis of the evidence, but on the basis that they would perjure themselves to help a member of the same race is clearly prejudicial as is the statement that a witness is telling the truth because he admitted having sexual relations with a member of another race. The entire closing argument is a thinly veiled appeal to prejudice. (*People v. Romero*, 36 Ill. 2d 315, 223 N.E.2d 121.) The statements of the prosecutor so prejudiced and inflamed the jury against Richardson's defense that he was deprived of a fair trial. These prejudical closing statements were plain error and a material factor in the guilty verdict returned by the jury and amounted to reversible error. *People v. Young*, 33 Ill. App. 3d 443, 337 N.E.2d 40.

The judgment of the Circuit Court of Jefferson County is reversed and the cause remanded for a new trial.

Reversed and remanded for a new trial.

EBERSPACHER and JONES, JJ., concur.