THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARY FRANCES HICKS, Defendant-Appellant.

Third District   No. 77-486

Opinion filed December 6, 1978.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (James E. Hinterlong and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Will County, after trial by jury, finding defendant, Mary Frances Hicks, guilty of murder and sentencing her to a term of not less than 14 years nor more than 17 years to the Illinois Department of Corrections.

■■ Two issues are raised by defendant on this appeal: one, whether defendant was denied due process by the State's failure to inform her of a prior complaint concerning the victim; and, two, whether defendant was denied her right to a fair trial as a result of the State's opening statement relating to facts subsequently not introduced into evidence, namely, regarding a bloody shirt reportedly found in defendant's car. We also note an objection was made by the State that defendant's post-trial motion was not made within the 30-day period and the question of the court's jurisdiction was raised. We believe the court has jurisdiction under the authority of that section of the Code of Criminal Procedure relating to post-conviction proceedings (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*).

Prior to trial, defense counsel filed a discovery motion which requested, among other things, the State disclose any material and information within its possession and control which would tend to negate the guilt of the defendant as to the offense charged or would tend to reduce her punishment. Thereafter, pursuant to Supreme Court Rule 412 (Ill. Rev. Stat. 1977, ch. 110A, par. 412), defendant indicated her intent to offer at trial the defense of justifiable use of force. At trial the defendant did not assert such a defense and in fact, presented no evidence in her behalf.

After trial, defendant filed a motion for a new trial asserting, among other things, defense counsel had been advised a complaint had been filed with the Joliet Police Department regarding the victim. An affidavit was attached to this post-trial motion from a local doctor who had become aware of defendant's conviction after the trial and came to Judge Pistilli who referred the information to defense counsel. In his affidavit, the doctor stated he had examined the deceased and the deceased had

become extremely belligerent and threatened to "get" both the doctor and other persons in his office. In the doctor's opinion the deceased was a psychopathic personality, extremely violent and likely to be the aggressor in any conflict. The doctor stated he sought protection for his office staff following these incidents since he felt the victim was fully capable of carrying out his threats. The information was reported to the Joliet Police Department and there were no subsequent threats. The State failed to supply this information to the defendant and defendant contends this constituted reversible error. Defendant argues the police report tended to negate the defendant's guilt and because it was never produced by the State and only fortuitously brought to defense counsel's attention, this wholly thwarted defendant's ability to use that information to develop her defense.

Defendant cites several cases to support her position. In *People v. Galloway*, 59 Ill. 2d 158, 319 N.E.2d 498, the defense sought the arrest or police record of the State's key witness. This was a prosecution for a drug offense and the key State witness was a drug addict. Apparently a law enforcement officer permitted or caused the prosecution to falsely represent to the court that the witness had no convictions that could be used for impeachment purposes. In fact, the witness had been arrested over 80 times, mainly for prostitution and narcotic violations and there were pending charges against her. In *People v. Shegog*, 37 Ill. App. 3d 615, 346 N.E.2d 208, an oral confession was admitted even though neither the existence nor the substance of the confession, nor the names of the witnesses thereto, were revealed to the defense prior to trial. The court held that although it shared the trial court's conclusion that the prosecution was unaware of the existence of the oral confession prior to trial, this omission could have been avoided by the exercise of due diligence. In *People v. Nunez*, 24 Ill. App. 3d 163, 320 N.E.2d 462 defendant moved for production of information, including daily police logs given to the police by defendant's mother during a specific period. Defendant's mother had claimed she had put a weapon under defendant's mattress and had called the police twice to report it. The trial court refused to order disclosure of police logs to corroborate these reports and the court held defendant was entitled to a remand to determine if the log showed such reports were made, in which event defendant was entitled to a new trial.

We believe the cases cited by defendant are distinguishable from the case at bar. In the instant case the information in question was not even an arrest record. We know of no practical way for the State to dredge this information out of the police department. We do not believe the complaint would have been discoverable by the exercise of reasonable diligence. Accordingly, it is not reasonable to charge the State with notice

of the information in question. There seems to be no question of actual knowledge or of any intentional or deliberate withholding of the complaint. Defendant contends the State had imputed knowledge of the information. However, no charge was ever made against the victim and the victim was never arrested. We do not believe it would be reasonable under these circumstances to charge the State with knowledge and accordingly, there was no suppression in the instant case.

Defendant also contends reversible error occurred during the prosecutor's opening statement. The prosecutor in his opening statement stated a criminologist would testify a shirt containing the same blood type of the deceased was found in defendant' car. During the trial when the prosecutor showed this exhibit to the criminologist for identification and asked if she had ever seen it before the criminologist responded she could not find any markings on the exhibit. A recess was called and the jury excused. When the court came back into session the prosecutor announced he was going to withdraw that piece of evidence. Defense counsel moved to strike the testimony by the criminologist and this motion was granted. Also, the jury was instructed by the court to disregard the testimony.

We have no quarrel with the statement of law that a prosecutor may not argue assumptions or statements of fact not based on evidence. (*People v. Beier*, 29 Ill. 2d 511, 194 N.E.2d 280.) The reason for the rule is that such an argument would in effect assert the prosecutor's own unsworn testimony in lieu of competent evidence. (*People v. Vasquez*, 8 Ill. App. 3d 679, 291 N.E.2d 5.) The defense cites the case of *People v. Rogers*, 42 Ill. App. 3d 499, 356 N.E.2d 413, as being similar to the instant case. However, in *Rogers* the prosecutor's arguments based on testimony not introduced in evidence were contained both in his opening and his closing statements. In fact, in that case a portion of the statements related to facts about which no attempt was ever made to admit evidence. Here, we are concerned only with what was said in the opening statement. There appears to be no lack of good faith on the part of the prosecutor in the instant case. Also the testimony was immediately stricken, the jury was instructed to disregard all such testimony, and the matter was not thereafter mentioned. Everything possible appears to have been done to negate any effect such testimony might have on the jury. The court also instructed the jury to disregard anything said in opening and closing statements that was not proved and the State also informed the jury that opening and closing statements are not evidence.

■■ We have reviewed the record as a whole and believe no prejudice resulted to the defendant from the opening remarks of the prosecutor. Furthermore, sufficient evidence exists to support the jury's verdict and

we find there is no reversible error committed by way of the prosecutor's opening argument.

For the foregoing reasons the judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

STENGEL and ALLOY, JJ., concur.