THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CEDRIC JOHNSON, Defendant-Appellant.
Third District   No. 3—86—0101

Opinion filed November 14, 1986.

Thomas A. Lilien, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (Rita Kennedy Mertel, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

Following a jury trial, the defendant, Cedric Johnson, was convicted of aggravated battery and armed violence based upon aggravated battery. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—4(b)(8), 33A—2.) He was sentenced to 12 years for armed violence and a concurrent four years for aggravated battery. The defendant appeals, arguing that prosecutorial misconduct deprived him of a fair trial and that he should be resentenced following reversal of his aggravated-battery conviction. We reverse.

On July 15, 1985, in a residential area of Bolingbrook, Leon Bell, Sr., was shot in the right foot. The shot came from an automobile in which the defendant was a passenger. The State presented testimony that two shots came from the rear seat on the driver's side of the automobile, that the defendant was sitting in that location, and that the defendant had a .25-caliber automatic pistol in the car. The defendant presented no witnesses.

The defendant first argues that several of the prosecutor's remarks in closing arguments were improper individually and that cumulatively they denied him a fair trial. We address the issue despite

the State's argument that it is waived. (*People v. Whitlow* (1982), 89 Ill. 2d 322, 433 N.E.2d 629.) Furthermore, as the parties are well informed of the comments currently before us, we will not unnecessarily lengthen this opinion by presenting more than a brief description of each comment at issue.

■ In the first comment to which the defendant objects, the prosecutor stated and discussed the State's burden to prove the defendant guilty beyond a reasonable doubt. In that comment the prosecutor went on to ask that the jurors note that the burden was a sustainable one which had been met. We find that although the term "reasonable doubt" should stand undefined (*People v. Eddington* (1984), 129 Ill. App. 3d 745, 473 N.E.2d 103), the prosecutor's comments on the State's burden of proof were essentially a superfluous restatement of the beyond a reasonable doubt standard and did not reduce the State's burden. See *People v. Smith* (1981), 93 Ill. App. 3d 1133, 418 N.E.2d 172.

■ In the second comment at issue, the prosecutor stated that although criminal defendants are entitled to certain rights or presumptions, the defendant was not an innocent man. The prosecutor went on to say that the evidence had shown the defendant to be guilty of the offenses charged. We find that the instant comment was improper. Although the remarks could be construed as allowable comments on the defendant's guilt established by the evidence (see *People v. Tiller* (1982), 94 Ill. 2d 303, 447 N.E.2d 174), the remarks were unwarranted and improperly diminished the presumption of the defendant's innocence (*People v. Harbold* (1984), 124 Ill. App. 3d 363, 464 N.E.2d 734).

■ In the third objected comment, the prosecutor noted that in a police interview the defendant offered some inconsistent statements, then refused to discuss his case further. That comment was arguably a reference to the defendant's assertion of his right to remain silent. We observe that the instant comment focused primarily upon the defendant's contradictory statements to the police. But we find that the prosecutor's comment was also an improper reference to the defendant's exercise of his right to remain silent. *People v. Stack* (1984), 128 Ill. App. 3d 611, 470 N.E.2d 1252.

■ The defendant's fourth specific objection is to the prosecutor's several references to the uncontradicted nature of the evidence at trial. The defendant asserts that these comments were calculated to draw attention to the defendant's failure to testify at trial. In the instant comments, the prosecutor observed that the evidence was uncontradicted on whether the defendant saw the State's primary wit-

ness a few days after the incident, whether the victim received a wound while he was present on a public way, and whether the instant incident involved a pistol. We agree with the State generally that the prosecutor properly characterized the instant evidence as uncontradicted and that that characterization neither was intended to nor in fact did draw attention to the defendant's failure to testify. The defendant was in no sense the sole witness who could have testified to challenge the relevant State's evidence.

■ Further regarding the defendant's fourth objection, however, we agree with the defendant that the prosecutor improperly asserted that the evidence showed without contradiction that the defendant had shot the victim. The defendant correctly observes that the evidence included such a contradiction: his denial to a police officer that he shot the victim.

■ In his fifth specific objection, the defendant asserts that the prosecutor improperly expressed his personal opinion in commenting that the evidence was "overwhelming," that this was an "open and shut" case, and that the State's witnesses were credible. We find that the instant comments were generally based upon the evidence and in response to the defendant's challenge to the credibility of the State's witnesses. (See *People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601.) However, the comments went beyond simple inferences from the evidence and may have tended to infringe on the fact-finding function of the jury. *People v. Valdery* (1978), 65 Ill. App. 3d 375, 381 N.E.2d 1217; *People v. Whitlow* (1982), 89 Ill. 2d 322, 433 N.E.2d 629.

■ In his sixth specific objection, the defendant observes that the prosecutor unfairly aligned himself with the jury by referring to "our job" to find the facts. The prosecutor here did not specifically characterize himself as a 13th juror. (*Cf. People v. Vasquez* (1972), 8 Ill. App. 3d 679, 291 N.E.2d 5.) However, we agree with the defendant that the prosecutor's reference to "our job" was improper.

In his final specific objection to the prosecutor's argument, the defendant asserts that the prosecutor denigrated defense counsel by challenging both counsel's attacks on State witnesses' credibility and counsel's suggested inferences from the evidence. We find that the prosecutor's instant statements were in response to counsel's attempts to discredit both the State's witnesses and the State's theory of the case. (See *People v. Williams* (1984), 127 Ill. App. 3d 231, 468 N.E.2d 807.) However, we further find that the statements bordered on improper denigration of counsel. See *People v. Stock* (1974), 56 Ill. 2d 461, 309 N.E.2d 19.

■ ■ Where the cumulative impact of improper prosecutorial

comment may be reasonably determined to have prejudiced the jury and constituted a material factor leading to the defendant's conviction, the comment constitutes grounds for reversal. (*People v. Whitlow* (1982), 89 Ill. 2d 322, 433 N.E.2d 629.) Here, the prosecutor's ill-advised and improper comments were so numerous that we find no need to assess the prejudicial effect of each isolated comment. Rather, we find that the instant remarks may be reasonably determined to have prejudiced the jury and constituted a material factor leading to the defendant's conviction. Consequently, we reverse the defendant's conviction, despite the fact that it was based on sufficient evidence, and remand for a new trial.

■■ As it may be relevant upon a retrial, we briefly comment that the defendant also correctly argues that he was improperly convicted of aggravated battery. Both that conviction and his conviction for armed violence were based on the same physical act. See *People v. Smith* (1980), 86 Ill. App. 3d 302, 408 N.E.2d 101.

Based on the foregoing, the judgment of the circuit court of Will County is reversed. The cause is remanded for further proceedings consistent with this decision.

Reversed and remanded.

SCOTT, P.J., and WOMBACHER, J., concur.