THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT RICHARDSON, Defendant-Appellant.
Third District   No. 3—88—0710

Opinion filed April 4, 1990.

STOUDER, J., dissenting.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Elizabeth A. Klug, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

Following a jury trial, the defendant, Robert Richardson, was found guilty of the offenses of home invasion and aggravated criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, pars. 12—11(a)(1), 12—14(a)(1)), and sentenced to concurrent terms of imprisonment of 25

years. Defendant filed an appeal raising two issues: (1) whether the prosecutor's alleged improper conduct denied the defendant his constitutional right to a fair trial; and (2) whether the State proved the defendant guilty beyond a reasonable doubt.

The relevant testimony revealed that the defendant entered the home of Deborah House by force on the night of June 3, 1988, and forced Ms. House to perform various sexual acts, including sexual intercourse, while brandishing a large stick or pole. The victim testified to the events of the evening of June 3, 1988, in great detail. She stated that defendant entered her apartment uninvited and incited an argument with her. She asked him to leave, but he refused. She went to a neighbor's door, and when the neighbor answered the door, he and defendant engaged in a shouting match. When the neighbor removed a large stick from behind his door, defendant threatened the neighbor and left the building, ostensibly to retrieve a weapon.

House stated that she called police and advised them of the incident before defendant arrived back at the apartment. While waiting for the police to arrive, House heard windows breaking in the apartment building. As the sound of breaking windows got closer to her window, she went into the hallway to wait for the police. Thereafter, House saw the defendant in her living room holding a large pole. The defendant ordered her to come back into the apartment. She testified that she complied with defendant's orders out of fear for her safety. The defendant then allegedly forced House to perform various sexual acts with him. The victim estimated that the entire scenario lasted 20 to 30 minutes from the time she first notified the police.

Officer Robert Gossmeyer of the Peoria city police department testified for the State. He explained that he heard a radio dispatch at 9:53 p.m. concerning an incident at the complainant's apartment building. The officer proceeded to the apartment building, where he discovered an open window with its screen missing. He promptly called out House's name, and she came outside. The officer then went inside the apartment and arrested the defendant. The officer noted that the time between his receiving the call from the dispatcher and House's coming out of the apartment was 5 to 10 minutes.

At trial, the defendant testified in his own defense. The defendant insisted that House consented to having sexual intercourse with him.

The defendant contends on appeal that, during closing arguments, the prosecutor made remarks and engaged in a colloquy with the jury which constituted reversible error. During closing arguments, the prosecutor spoke to the jury addressing the inconsistent time estimates given by the victim and other witnesses. In an effort to bolster

the credibility of her witness, the prosecutor posed the following rhetorical question:

> "How long have I been talking? Don't look at the clock. Have the twelve of you sit there and decide, after you go back in that jury room, and I would suggest that you're going to come up with twelve different times, and probably none of them is going to be accurate \*\*\*. So are we going to hold Debra [House] to a standard that you and I probably could not measure up to? And I suggest to you that we will not hold her up to that standard and we shouldn't."

It appears that one juror responded to the prosecutor's question, for during the rebuttal closing argument the prosecutor commented:

> "By the way, when I asked you before how long I'd been talking, it had been fifteen minutes. I think one of you responded it was five. It's a little tough sometimes to judge how much time has passed."

■ Initially, the State argues that defendant interposed no objection at trial to any of the claimed errors in the prosecutor's closing argument and that therefore the issue is waived. This position is well supported. Generally, the failure to raise objection to improper argument at trial waives an issue on appeal. We conclude that defendant did waive his right to raise the issue of improper argument on appeal. However, we choose to take the discussion one step further and analyze defendant's argument, as it raises an area of significant interest to this court.

■ When the prosecutor posed her rhetorical question to the jury as to the passage of time, one juror responded aloud. A rhetorical question, by definition, does not contemplate a verbal response. It is an ancient and accepted form of argument which is designed to focus the thought processes of the listener on the issue at hand. In this respect, the closing argument of the prosecutor fell well within the realm of proper professional advocacy. That a juror did respond aloud cannot be charged to prosecutorial misconduct. Neither is it prejudicial to the defendant. Error did not occur. And if error did not occur, *a fortiori*, it cannot rise to the level of plain error so as to obviate the necessity for an objection.

■ Defendant also complains error resulted from two additional prosecutorial comments during closing arguments. Defendant contends that the prosecutor improperly vouched for the victim's credibility when she suggested that the jury would find that House did not lie, based on the evidence presented. Defendant's prompt objection was correctly overruled by the trial court. The prosecutor's comment

was nothing more than a brief endorsement of the victim's credibility. Such a remark does not constitute trial error. *People v. Jones* (1988), 123 Ill. 2d 387.

■ Further, defendant asserts that the prosecutor misstated the law and jury instructions during rebuttal argument, when she stated:

"The judge has already instructed you that when people change stories, that's an indication that they're lying."

The trial court correctly overruled defendant's timely objection. The jury had been properly instructed regarding challenging the believability of a witness based on inconsistent statements, following testimony of the State's rebuttal witness. The prosecutor's statement was based upon the instructions to the jury and was not improper.

■ ■ Regarding the issue of whether the defendant could have been found guilty beyond a reasonable doubt, we note that when presented with a challenge to the sufficiency of the evidence, it is not the function of the appellate court to retry the defendant. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E. 2d 267.) The relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Christiansen* (1986), 142 Ill. App. 3d 1050, 492 N.E. 2d 241.) We conclude that a rational trier of fact could find defendant guilty beyond a reasonable doubt of the aforementioned charges.

For these reasons, we affirm the judgment of the circuit court of Peoria County.

Affirmed.

BARRY, J., concurs.

JUSTICE STOUDER, dissenting:

In the instant case, I find the remarks made by the prosecutor in closing arguments constituted not only error but reversible error, requiring the cause be remanded for a new trial. The questioning of the jury on the time issue amounted to an experiment or distraction which allowed the prosecutor to interject her own unsworn testimony on the that issue. Evidence of the time issue was critical because the victim's estimation became questionable in relation to the police testimony regarding the time it took them to respond and the actions complained of by the victim.

Generally, the prosecutor's remarks in closing argument do not amount to reversible error unless they deprive the defendant of a fair

trial in that they constitute a material factor in the defendant's conviction or result in substantial prejudice to him. (*People v. Burke* (1985), 136 Ill. App. 3d 593, 483 N.E.2d 674.) It is axiomatic that the prosecutor must confine himself to facts introduced in evidence and to the fair and reasonable deduction and conclusions therefrom. (*People v. Young* (1975), 33 Ill. App. 3d 443, 337 N.E.2d 40.) Assumptions and statements of fact not based upon evidence presented in the case may not properly be argued to the jury, and the prosecutor may not properly interject before the jury that which amounts to his own testimony. *People v. Burke* (1985), 136 Ill. App. 3d 593, 483 N.E.2d 674.

In the instant case, the prosecutor was in effect conducting an experiment during closing arguments when she asked the jury how long she had been talking to them. She asked, "How long have I been talking? Don't look at the clock. How long have I been standing up here talking to you?" She asked that they decide this question during their deliberations. The tone of her questions on this point was such that at least one of the jurors was prompted to respond. The prosecutor suggested that each of them would make a different determination and stated that she herself did not know how long she had been talking. In rebuttal, she then "testified" that the period of time she had been talking was in fact 15 minutes, and not five minutes as one of the jurors had stated. This type of argument allowed the prosecutor to in effect "testify" on a party's ability to estimate the passage of time. This activity distracted the jury's attention from the issues before it and created the appearance that the prosecutor was carrying on a dialogue with the jury. This distraction was critical given the fact that the testimony on the time issue is so contradictory.

Considering all the evidence in this case, I find the prosecutor's closing argument to have so prejudiced the defendant's right to a fair trial that it constitutes reversible error.