**People of the State of Illinois, Plaintiff-Appellee, v. Carl W. Meyer, Defendant-Appellant.**

**Gen. No. 52,533.**

First District, Second Division.

November 12, 1968.

Rehearing denied December 16, 1968.

Samuel Nineberg and Bernard W. Mages, of Chicago (Samuel Nineberg, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

In a bench trial, the defendant, Carl W. Meyer, was found guilty of driving a motor vehicle while under the influence of intoxicating liquor in violation of Ill Rev Stats (1965), c 95½, § 144. Judgment was entered; the defendant was fined $100 and costs; and his driver's license was revoked. After judgment and sentence, the defendant filed a post-trial motion alleging that the complaint (i. e., Illinois Uniform Traffic Ticket and Complaint) was fatally defective for failure to charge a crime, in that his copy of the complaint only contained the notation "drive under the influence." The motion asked that the court vacate the earlier judgment adverse to the defendant, quash the complaint, and discharge the defendant. The motion was denied and the defendant appeals to this court renewing the grounds enumerated in his post-trial motion, namely, that the complaint was fatally defective due to the general language used therein, thereby failing to charge the defendant with a violation of c 95½, § 144. Hence, a sole question of law is presented in this appeal.

 Initially, it must be stated that when reviewing courts conclude that an indictment, information or complaint is fatally defective, they do so on the basis that the defendant is prejudiced by said defect in that he is not properly advised of the nature of the charge against him thereby precluding him from properly and effectively presenting his defense. Nor could he effectively raise a double jeopardy defense in the future if faced with a

subsequent prosecution for the same offense. See People v. Beeftink, 21 Ill2d 282, 171 NE2d 632 (1961).

In the instant case, the defendant does not argue that he was prejudiced by the alleged defect in the complaint. Indeed, such an argument would be without merit as the record shows that the defendant, through his witnesses, presented a defense intended to disprove the accusation of the State that he was intoxicated while driving a motor vehicle within this State.

██ The defendant does argue, however, that the judgment is void as the court was without jurisdiction, since the complaint written by the police officer and handed to the defendant at the time of such writing, failed to state an offense. This argument was interposed by the defendant at the trial but only after the judge, as the trier of fact in this nonjury case, had found the defendant guilty of the charge. Such an argument can be made at any step in the judicial process, even for the first time on appeal, People v. Hill, 68 Ill App2d 369, 216 NE2d 212 (1966), since, if correct, the trial court would never have had jurisdiction of the subject matter and its judgment would consequently be void ab initio.

The record shows that the copy of the complaint given to the defendant by the police officer contained the handwritten printed words in all capital letters, "DRIVE UNDER THE INFLUENCE" whereas the copy of the complaint filed with and sworn to before the Clerk of the court had handstamped thereon in the language of the statute, "Driving a motor vehicle while under the influence of intoxicating liquor." If we look only to the copy of the complaint in the possession of the defendant, it indeed fails to state an offense with specificity in conformity with the statute with which the defendant is charged with violating; i. e., Ill Rev Stats (1965), c 95½, § 144, since one can violate that particular section of the Motor Vehicle Act by either driving under the influence of narcotic drugs or intoxicating liquor.

161

In his written brief and in his oral argument the defendant places reliance upon the case of People v. Stringfield, 37 Ill App2d 344, 185 NE2d 381 (1962). In that case we did reverse a judgment finding the defendant guilty of driving a motor vehicle while intoxicated. Reversal was based upon the fact that the information, in addition to stating that the defendant drove a motor vehicle upon a public highway in violation of section 47 (UART) State of Illinois, only stated that he violated said statute by "driving under the influence," thereby not specifying if said driving was under the influence of narcotic drugs or intoxicating liquor. The information was held to be defective and void as was the judgment.

However, the cited case and instant case are distinguishable upon their facts. In Stringfield, the reviewing court expressly found that the copy of the information filed with and sworn to before the Clerk of the court had been materially altered in two ways sometime between the arrest and the post-trial motion. Some unknown person or persons had added the words "of alcohol" to the preceding words, "driving under the influence," and later, after the post-trial motion, some unknown person or persons had rubber stamped "driving a motor vehicle while under the influence of intoxicating liquor." By these actions, the original of the information filed with the Clerk of the court was made to conform with the statute which the defendant was alleged to have violated. These material alterations had been done surreptitiously, without notice to the defendant or permission of the trial court. The State never asked leave of court to make such amendments although an information may be amended by leave of court before or during trial. In that case, we held that the handwritten words "of alcohol" and the rubber stamped words "driving a motor vehicle while under the influence of intoxicating liquor" had to be stricken from the face of the information filed with the

Clerk of the court because they had not been added by leave of court and hence were not proper amendments. As a result, the defendant was charged with "driving under the influence" which failed to specify in the language of the statute if said influence was narcotic drugs or intoxicating liquor. Accordingly, the information was held to be fatally defective and the judgment of conviction was reversed.

In the instant case, there is no evidence that the copy of the complaint filed with and sworn to before the Clerk of the court was altered before or during the trial. It bears the handstamped notation "driving a motor vehicle while under the influence of intoxicating liquor." Unlike the Stringfield case, there are no material alterations appearing upon the face of the complaint filed with the court by the State.

Also, unlike the Stringfield case, the complaint as originally filed with the Clerk of the Court properly charges the defendant with violating Ill Rev Stats (1965), c 95½, § 144. The trial court, in entering its finding, found the defendant guilty "in manner and form as charged in the complaint herein." That complaint, filed with the Clerk of the court, was properly drawn in accordance with the statutory violation. The defendant himself understood the nature of the charge in that his witnesses attempted to show that the defendant was not intoxicated when he was stopped in his vehicle. The defendant thus knew that he was charged with driving under the influence of intoxicating liquor and not narcotic drugs.

The proper rule to be followed in this case is that found in People v. Handibode, 53 Ill App2d 296, 202 NE 2d 845 (1964), which also involved driving a motor vehicle while intoxicated. There the defendant was successful in contending in the trial court that his motion in arrest of judgment should be granted because of the defect in the copy of the complaint given him; namely, the complaint given him did not have section 47 UART on

it. We reversed and remanded the case with directions to overrule the defendant's motion in arrest of judgment; enter judgment upon the finding of guilty; and sentence the defendant. In so doing, we stated at page 298 of 53 Ill App2d, page 846 of 202 NE2d:

> "In the instant case there was no claim that the original complaint did not charge a crime but only that the copy furnished defendant lacked the necessary language. However, the trial court sustained defendant's motion in arrest of judgment and discharged him.
>
> . . . . . .
>
> "In Collins v. People, 194 Ill 506, it was urged that the copy of the indictment furnished defendant was defective and not a true copy. The court, at page 512, held: '. . . they have not pointed out what right he was deprived of, nor have they shown, or attempted to show, that he was in any manner injured or his defense in any degree impaired thereby. . . .' "

The rule in the Handibode case must be followed in this case which involves a similar factual situation. Accordingly, the judgment is affirmed.

Judgment affirmed.

BURKE, P. J. and McNAMARA, J., concur.