THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEFFERSON B. TUCKER, Defendant-Appellant.

(No. 55167;

First District—January 26, 1971.

Howard T. Savage, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Martin Moltz, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

A jury found defendant guilty of driving a motor vehicle while under the influence of intoxicating liquor. He was fined $100.00 and his driver's license was revoked. Defendant appeals from the judgment on the verdict and initially contends that the complaint fails to charge a violation of law.

The complaint charged that defendant drove a motor vehicle upon a public highway in violation of Section 47 of the Uniform Act Regulating Traffic on Highways, Ill. Rev. Stat., ch. 95½, § 144 (1965) by "driving under the influence."

In *People v. Stringfield* (1962), 37 Ill.App.2d 344, 346 this court stated:

"This section of the Uniform Act Regulating Traffic on Highways (Ill. Rev. Stat. (1961), c 95½, § 144) states that it is unlawful for any person who is under the influence of intoxicating liquor or narcotic drugs

to drive any vehicle within this state. 'Driving under the influence' does not describe either of these offenses.

This court further stated at page 348:

"The information was void and the conviction must be reversed."

■■ The People move that this court allow an amendment of the complaint by furnishing the phrase "of intoxicating liquor," and for authority cite *People v. Sirinsky,* 47 Ill.2d 183. In *Sirinsky,* the court observed that the caption of the complaint was amended in this court on oral argument to reflect that the People of the State of Illinois, rather than the Municipality of Evanston was the complainant. In the case at bar the sought after amendment pertains to a substantive rather than formal amendment. In *People v. Billingsley* (1966), 67 Ill.App.2d 292, this court expressed language pertinent to the case at bar. At page 301 we said:

"Section 111—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1963, c 38, par. 111—5) authorizes amendment at anytime because of formal, but not substantive, defects in an indictment, information or complaint. See *People v. Hall* (4th Dist. 1964), 55 Ill.App.2d 255, 259, 204 N.E.2d 473. However, the complaint in the case at bar was defective in a substantive matter in that it did not allege a criminal offense. It was not amended in the trial court and we deem it improper to reverse and remand for that purpose. In view of our determination that the complaint was fatally defective, it is improper to remand the cause for the futility of a new trial (*People v. Minto* (1925), 318 Ill. 293, 296, 149 N.E. 241), and we need not consider the other errors assigned herein."

We reverse the judgment.

Judgment reversed.

LEIGHTON, P. J., and McCORMICK, J., concur.