THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL L. CLARK, Defendant-Appellant.

Fourth District    No. 13886

Opinion filed April 18, 1977.

Edward H. Rawles, of Reno, O'Byrne & Kepley, of Champaign, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (James E. Hinterlong and Linda M. Vodar, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:

The bottom line first: we affirm.

Clark was charged with drunk driving and illegal transportation of liquor and was convicted by a jury of both charges. On appeal he raises numerous issues involving allegedly fatal variances between the complaints, the instructions and the proof.

Now, a brief review of the evidence at trial:

Roy Clemons resides at 301 South McKinley, Champaign, Illinois, and at 10:15 p.m., December 18, 1975, he became aware of a car in his driveway. At first he presumed it was his daughter but, after checking from his window a few times, decided it was not. He went out to find a man slumped over in the driver's seat and a small child in the passenger's seat. He could not arouse the man and called the police.

Both the policemen who responded to Mr. Clemons' call testified. Defendant was slumped over the wheel of the car in the driveway, the car's lights were on and the motor was running. The car door was opened with a coat hanger as defendant did not respond. A bottle of whiskey was found between the driver's and the passenger's seat. Clark could not stand without assistance and flunked both the breathalizer and balance tests. He denied he had been operating the car.

Larry Collins, for the defense, testified that the day in question was the last day of final exams. Defendant and Collins are both graduate students

at the University of Illinois and defendant went over to Collins' to celebrate. When it was time to leave, Clark was too intoxicated to drive but agreed to let Collins drive him home in defendant's car. But that car had a stick shift unfamiliar to Collins. So, after 10 blocks, Collins decided to turn around and go back for his own car and turned into Mr. Clemons' driveway for this purpose. However, Collins could not find reverse, so he left the car, with the engine running for heat, and set off to get his own. When he returned, defendant and his daughter were gone but the police were still there. Collins did not approach the police. Collins further testified that it was he who put the bottle of whiskey in the car, as it was the one defendant had brought with him and from which they had been drinking that night.

Clark testified but basically said that he remembered nothing about the occurrence.

In rebuttal, Mr. Clemons testified that, although he got up almost immediately after the car arrived in his driveway, he did not see anyone walking away from the car nor did he hear doors slam.

Defendant first argues that he was found guilty of a crime with which he was not charged. The complaint charged "driving" while intoxicated but the instructions, he argues, permitted the jury to find him guilty of the different offense of "being in actual physical control" while intoxicated.

The statute defines the offense as follows:

> "(a) No person who is under the influence of intoxicating liquor may *drive or be in actual physical control* of any vehicle within this State." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 95½, par. 11—501(a).

■■ We do not believe that the statute defines two disparate and alternative offenses. As was stated in *People v. Guynn* (1975), 33 Ill. App. 3d 736, 738, 338 N.E.2d 239, 240:

> "It is apparent from the cases referred to that the term 'driving' is used to include both the actual operation of a moving vehicle and the circumstance of being 'in actual physical control' of the vehicle, even though the vehicle may not be moving."

This common understanding is reflected in the way the term "driver" is used, not just for the person in control of a moving vehicle but for anyone in the driver's seat of a vehicle readily able to be moved.

Numerous cases are cited by defendant where "driving" is said to be an essential element of this offense. But these cases are not in conflict with our holding here. For instance, the conviction was reversed in *People v. Ammons* (1968), 103 Ill. App. 2d 441, 243 N.E.2d 709. There an officer chased a car with two persons in it. When it was finally stopped, he found only one person, the defendant, who was intoxicated. Ammons was found on the floor of the front seat with his body mainly on the passenger's side

and his head towards the driver's side. It is apparent that from such a position, there could be no inference that the defendant was in actual physical control *or* that he was the one who had operated the vehicle. For this reason, the offense was not proved. Operation *as opposed to* control was not a factor.

Traffic offenses need not be charged with the specificity of indictments. Naming the offense and citing the statute are generally sufficient. (*People v. Oulson* (1976), 37 Ill. App. 3d 912, 347 N.E.2d 71.) The complaint here was sufficient to charge the offense for which defendant was convicted.

■■ Defendant argues that because of the facts here, the complaint did not adequately inform him of the nature of the offense and—to his prejudice—misled him in preparing his defense. A very similar argument was presented in *People v. Simpkins* (1971), 48 Ill. 2d 106, 268 N.E.2d 386. Defendants there were charged with mob action in that they, with others, disturbed the peace by firing a gun. Defendants took the stand and denied firing a gun but testified to facts from which it could be inferred that they started, or were involved in, a gang fight. They were convicted. On appeal they argued that a fatal variance existed between the complaint, which charged disturbing the peace by firing a gun, and the proof, which showed no gun firing but a gang fight. They argued that the complaint misled them in preparing their defense. But the supreme court stated that the words in the complaint, "firing a gun," were surplusage and could be disregarded. Since defendants did not contend that their testimony was inaccurate or that they omitted putting any relevant facts before the court because of the surplus words, the contention that the variance was prejudicial was rejected. In the case at bar, defendant Clark does not argue that any defense testimony was inaccurate or omitted because of the wording of the complaint. Consequently, the *Simpkins* rationale must be followed.

Another argument also concerns the driving-while-intoxicated complaint. The complaint stated, in part:

"* * * defendant did unlawfully: OPERATE * * * upon a public highway namely, at (location): 301 S. McKinley."

Except for the address, the quoted material was part of the printed traffic ticket. The court gave instructions to the jury which permitted them to find defendant guilty regardless of whether the offense was committed on public or private property. In *People v. Guynn* it was specifically held that a violation of section 11—501(a) can occur on private as well as public property. (*People v. Guynn* (1975), 33 Ill. App. 3d 736, 739, 338 N.E.2d 239.) Defendant does not argue that the violation cannot be committed on private property but does contend that a fatal variance exists in this case as the complaint alleged it occurred upon a public highway but the proof showed only control on private property.

■■ Again, *People v. Simpkins* is relevant here. There an additional phrase was treated as surplusage which could be disregarded without affecting the validity of the complaints. In the case at bar, the phrase "upon a public highway" is unnecessary to allege an offense as it is not an essential element of the offense of "driving while intoxicated." Since Clark does not contend that this surplusage led him to omit or fail to place any relevant facts into evidence, or that the testimony was inaccurate, no prejudice is shown. See also *People v. Young* (1973), 12 Ill. App. 3d 310, 297 N.E.2d 578.

■■ The next contention involves the second charge for which defendant was convicted. The complaint alleged "Illegal Transportation of Alcoholic Liquor" and the People's instruction on this issue was phrased in the language of the statute and stated:

> "A person commits the offense of Illegal Transportation of Liquor, who transports, carries, possesses, or has any alcoholic liquor within the passenger area of a motor vehicle except in the original package and with the seal unbroken."

Clark objects to this asserted expansion of the charge. He argues, in effect, that section 11—502 contains within it numerous offenses, namely: illegal transportation, illegal carrying, illegal possession and illegal having. However, these acts, although stated in the disjunctive, are intimately associated and therefore the complaint is sufficient and the instruction properly given. See *People v. Oulson.*

He argues that he was not proven guilty beyond a reasonable doubt and that it was error to refuse an instruction on circumstantial evidence. Both these arguments are dependent on the first condition asserted, that it was necessary for the State to show that defendant actually operated the vehicle. Since that argument has been rejected, it is unnecessary for us to discuss these two issues.

Finally, defendant argues that an unconscious person cannot be "in actual physical control" and therefore the offense of driving while intoxicated was not proven. However, even if the defense version of events is accepted, defendant must have moved himself from the passenger's seat to the driver's seat after Mr. Collins had left. This would be—in all credulity—an undertaking of some difficulty in a car the size of defendant's Honda Civic with a stick shift. The case of the *completely* unconscious person therefore need not be addressed.

Affirmed.

CRAVEN, P. J., and REARDON, J., concur.