THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRIAN S. WISE, Defendant-Appellant.

Fourth District   No. 4—84—0217

Opinion filed October 26, 1984.

Donald G. Baird, of Baird, Latendresse, McCarthy & Rowden, of Decatur, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman and Timothy J. Londrigan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

Following a bench trial, defendant was convicted of disobeying a traffic control device in violation of section 11—306(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—306(c)). He now appeals, contending that the trial court erred in allowing the State to amend its information before trial and that he was not proved guilty beyond a reasonable doubt. We affirm.

Defendant was originally charged with disobeying a traffic control device in violation of section 11—305(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—305(a)), on September 16, 1983. On October 17, 1983, he appeared and entered a plea of not guilty. After defendant waived a jury, the cause was allotted for a

bench trial on January 4, 1984. On that date, before the trial, the State's Attorney moved to amend the citation (which served as the information) to state the more specific charge of disobeying a traffic control device (steady red light) in violation of section 11—306(c) of the Illinois Vehicle Code. The court allowed the motion, and the cause proceeded to trial. After both sides presented the conflicting testimony of various witnesses, the trial concluded on January 5, 1984. The trial court took the cause under advisement, and on January 17, 1984, found the defendant guilty as charged. On February 21, 1984, defendant's post-trial motion was denied and he was fined the sum of $500. He filed a timely notice of appeal on March 20, 1984.

Defendant first contends that an amendment to an information cannot add a new or different offense from the offense stated in the original information. He argues that he should have been arraigned again and allowed to plead to the allegedly new offense that he was charged with. The State responds that the amended information did not allege a new offense or differ from the original information in any material way. Under the circumstances, the State argues that it was unnecessary to arraign defendant a second time.

■ As codified in section 111—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 111—5), and construed by the courts, the general rule in Illinois is that formal defects in informations may be cured by amendment, while fundamental or substantive defects may not. (*People v. Foust* (1980), 82 Ill. App. 3d 516, 401 N.E.2d 1329.) If the amendment involves no material change, the original information is not abandoned and trial may be had upon it as amended, without a renewal of the formalities originally observed. (*People v. Clarke* (1950), 407 Ill. 353, 95 N.E.2d 425.) Therefore, the issue to be resolved here is whether the amendment altering the section number of the Illinois Vehicle Code in the information was a material change or a correction of a mere formal defect.

■ The original information alleged that defendant had "Disobeyed Traffic Control Device" in violation of section 11—305(a) of the Illinois Vehicle Code. As amended, the information alleged that defendant had "Disobeyed Traffic Control Device (Steady Red Light)" in violation of section 11—306(c) of the Illinois Vehicle Code. Both of these sections concern the failure to obey traffic control devices, the latter being the more specific. The penalties applicable to each section are identical. Defendant charges that this amendment resulted in the charge of a completely new offense and, as such, constituted a material alteration of the information. We disagree.

■ An error in the citation of a statutory provision is a formal

rather than a substantive defect, particularly where, as here, the insertion of the words did not change the substance of the charge. (*People v. Castro* (1983), 113 Ill. App. 3d 265, 446 N.E.2d 1267.) Similarly, the sections involved here are not separate and distinct offenses; they are simply different ways in which the same offense can be committed. (*People v. Castro* (1983), 113 Ill. App. 3d 265, 446 N.E.2d 1267; *People v. Clark* (1981), 96 Ill. App. 3d 491, 421 N.E.2d 590.) We view the amendment of the section number here as a correction of a mere formal defect. The lack of any indication of surprise or prejudice to defendant supports our conclusion that this was a formal defect. (*People v. Clarke* (1950), 407 Ill. 353, 95 N.E.2d 425; *People v. Foust* (1980), 82 Ill. App. 3d 516, 401 N.E.2d 1329.) The trial court did not err in allowing the amendment.

■ Defendant next contends that he was not proved guilty of disobeying a traffic control device beyond a reasonable doubt. It is undisputed that defendant and his passenger were driving south on U.S. Highway 51 in Decatur on the night of September 16, 1983, when the truck he was driving struck a car attempting to turn from Imboden Drive onto the northbound lanes of U.S. 51. Because of a softball tournament at the nearby athletic field, a State trooper had been assigned manually to control the traffic lights at the corner of Imboden and U.S. 51 on that night. The sole issue at trial was the color of the light when defendant drove through the intersection.

The Illinois State trooper, a Decatur police officer (who had been assisting him), the driver of the car that was struck by defendant's truck, and the driver of the car behind the car that was struck all testified positively that the light was green for Imboden Drive at the time of the accident. Defendant and a pedestrian near the intersection at the time testified to the contrary. Defendant's testimony was impeached by the testimony of the police officers who questioned him soon after the accident. According to their testimony, defendant stated that he was unsure of the color of the traffic light and that he thought it might have been a flashing yellow light. Furthermore, defendant's girlfriend, who was a passenger in his truck, said, "See Brian, I told you that you were wrong," in response to a police officer's statement that it appeared that defendant had disobeyed a red light. Additionally, a traffic engineer testified that there was no possibility that the traffic lights could have been green for Imboden Drive and U.S. 51 at the same time.

The resolution of factual disputes and the assessment of the credibility of the witnesses are for the trier of fact, and a reviewing court will not reverse a conviction unless the evidence is so unsatisfactory

or improbable that a reasonable doubt as to the defendant's guilt remains. (*People v. Yates* (1983), 98 Ill. 2d 502, 456 N.E.2d 1639.) On the basis of the testimony outlined above, we cannot say that the trial court erred in finding the defendant guilty beyond a reasonable doubt.

For all the foregoing reasons, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

MILLS, P.J., and GREEN, J., concur.