THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DALE ZAJAC, Defendant-Appellee.

First District (3rd Division)   No. 1—88—0886

Opinion filed December 27, 1991.

John M. O'Malley, State's Attorney, of Chicago (Inge Fryklund, Carol L. Gaines, and Janet C. Mahoney, Assistant State's Attorneys, of counsel), for the People.

Craig F. Miller, of Oak Lawn, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, People of the State of Illinois, filed a misdemeanor complaint charging defendant Dale Zajac with driving or being in actual physical control of a vehicle while his blood or breath alcohol concentration was .10 or more in violation of section 11—501(a)(1) of the Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(1)). The complaint was stamped with the language "[Defendant] did drive a motor vehicle while under the influence of alcohol." After the jury had been sworn but before any witnesses testified, over defendant's objection, the trial court allowed the State's motion to amend the section number under which defendant had been charged from section 11—501(a)(1) to section 11—501(a)(2) of the Vehicle Code. Section 11—501(a)(1) states that a person shall not drive or be in physical control of any vehicle while: "The alcohol concentration in such person's blood or breath is 0.10 or more based on the definition of blood and breath units in Section 11—501.2." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(1).) Section 11—501(a)(2) of the Vehicle Code states that a person shall not drive or be in physical control of any vehicle while: "Under the influence of alcohol." Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2).

Defendant was found guilty in a jury trial of driving a motor vehicle while under the influence of alcohol in violation of section 11—501(a)(2). Following the guilty verdict, defendant made a motion in arrest of judgment pursuant to section 116—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 116—2). The trial court granted defendant's motion in arrest of judgment. The State appealed. We affirm.

On appeal, the State argues that the trial court erred when it granted defendant's motion in arrest of judgment because the amended defect was a formal rather than a substantive defect that could be amended at anytime pursuant to section 111—5 of the Code

of Criminal Procedure (Ill. Rev. Stat. 1987, ch. 38, par. 111—5). We disagree.

 ■■ Section 111—5 of the Code of Criminal Procedure allows the State to amend a complaint at anytime to correct formal defects such as miswriting, misspelling or grammatical errors. (Ill. Rev. Stat. 1987, ch. 38, par. 111—5.) When the amendment, however, changes the nature of the offense with which the defendant is charged, the defect is substantive rather than formal and the court must grant a defendant's motion in arrest of judgment. *People v. Heard* (1970), 47 Ill. 2d 501, 505, 266 N.E.2d 340, 343.

 ■■ We conclude that the substitution of subsection (a)(2) in place of subsection (a)(1) in this case amounts to a substantive rather than technical amendment because the amendment changed the nature of the evidence necessary to obtain a conviction. Sections 11—501(a)(1) and 11—501(a)(2) are clearly distinct statutory offenses which require the State to prove different elements in order to obtain a conviction. (See *People v. Ziltz* (1983), 98 Ill. 2d 38, 43, 455 N.E.2d 70, 72.) In addition, the defendant may have different defenses for the distinct offenses. In the present case, after the complaint was amended and trial proceeded immediately thereafter, it appears that defendant was not prepared to address the testimony of witnesses presented by the State on issues raised by the amendment.

We therefore hold that defendant was clearly prejudiced by the amendment to the complaint, and that the trial court's order granting defendant's motion in arrest of judgment was proper. Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

CERDA, P.J., and GREIMAN, J., concur.