THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MIROSLAW DUNSKUS, Defendant-Appellant.

First District (6th Division)    No. 1—94—4022

Opinion filed July 26, 1996.

RAKOWSKI, J., specially concurring.

Rita A. Fry, Public Defender, of Chicago (Carol J. Milder, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Christine L. Kornak, and Daniel Tiernan, of counsel), for the People.

PRESIDING JUSTICE ZWICK delivered the opinion of the court:

Following a bench trial, defendant, Miroslaw Dunskus, was convicted of driving under the influence of alcohol. 625 ILCS 5/11—501(a)(2) (West 1992). He was subsequently sentenced to a term of four months in the Cook County Department of Corrections.

Defendant appeals, contending (1) the trial court erred when it denied defendant's motion to dismiss the complaint, *i.e.*, the traffic ticket, and allowed the State's motion to amend the complaint; (2) his right to a speedy trial was violated by the court's failure to set trial within 160 days of his demand; and (3) the State failed to prove him guilty beyond a reasonable doubt. After carefully reviewing the record and considering the arguments of the parties, we affirm the judgment of the trial court.

The record contains the following pertinent facts. On November 5, 1993, defendant was involved in a two-car accident. He was issued a traffic ticket that charged him with "driving under infl. [the influence]" in violation of section "11—501" of the Illinois Vehicle Code. 625 ILCS 5/11—501 (West 1992).

On December 27, 1993, the trial court appointed the Cook County public defender to represent defendant. Counsel filed an appearance and a motion requesting, *inter alia*, a bill of particulars. The appearance form stated simply, "The undersigned, as attorney, enters the appearance of defendant and demands trial." The State tendered an accident report, an alcohol influence report, and medical records. On January 31, 1994, defendant moved to continue the case to March 8 to have an Alcohol/Drug Assessment Services (ADAS) evaluation done. On March 8, defendant requested a hearing on a plea discussion (see 134 Ill. 2d R. 402); however, no plea was entered.

On July 13, 1994, defendant filed a motion to dismiss the complaint on grounds that the ticket failed to state a charge. Defendant also argued in this motion that any amendment to the complaint would constitute a new and substantive charge and would, thereby, violate his right to a speedy trial. On August 23, at the close of a hearing on the motion, the trial court denied defendant's motion to dismiss and granted the State's motion to amend the ticket by adding "of alcohol" with its Vehicle Code subsection "(a)(2)," and filing a long-form charge of driving with a blood-alcohol content of .10 or more (625 ILCS 5/11—501(a)(1) (West 1992)).

A bench trial commenced on October 7, 1994. Chicago police officer Cathy Farrell testified that, at approximately 11:30 p.m. on

November 5, 1993, she saw defendant drive erratically, southbound on Western Avenue. At the intersection of Western and Berenice Avenues, defendant rear-ended a moving vehicle and continued south on Western Avenue. Near the intersection of Western Avenue and Roscoe Street, defendant rear-ended a second vehicle. The driver of that vehicle was pinned between the steering wheel and the trunk. Defendant's car had extensive front-end damage rendering it inoperable. As another police officer assisted defendant into the rear of a squad car, defendant appeared to have trouble keeping his balance and the officer was supporting him.

Officer Gricki was assigned to investigate the accident. At the scene, he first saw defendant in the back seat of a squad car. As Gricki opened the car door, he smelled a strong odor of alcohol and observed that defendant's eyes were bloodshot and his face was flushed. Officer Gricki attempted to talk with defendant, but defendant did not respond. Defendant exited the squad car after the arrival of an ambulance and, as he did, he leaned and fell against the car. Paramedics had to help defendant into the ambulance.

At the close of the State's case, the defendant moved for a finding. The trial court denied the motion, and defendant rested without presenting any evidence. The court convicted defendant of driving under the influence in violation of Vehicle Code section 11—501(a)(2). The trial court initially sentenced defendant to a term of six months in the Cook County Department of Corrections, but subsequently reduced the sentence to four months.

Defendant first contends that the trial court erred when it denied his motion to dismiss the complaint. He argues that the complaint was insufficient in that it did not specify what substance he was under the influence of, with the corresponding Vehicle Code subsection. Defendant asserts that the complaint was void and could not, therefore, be amended to add "of alcohol" with Vehicle Code subsection "(a)(2)."

■ A criminal defendant has the fundamental right to be informed of the nature and cause of the charge against the defendant. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. In Illinois, this right is given substance by section 111—3(a) of the Code of Criminal Procedure of 1963, which requires that a criminal charge be in writing; state the name of the offense; cite the statutory provision alleged to be violated; and set forth the nature and elements of the offense charged, the date and county of the offense, and the name of the accused. 725 ILCS 5/111—3(a) (West 1992).

■ Defendant relies on the court's opinion in *People v. Utt*, 122 Ill. App. 3d 272, 461 N.E.2d 463 (1983), in which the court stated "the

absence of any reference to alcohol or liquor on a traffic citation charging a defendant with driving under the influence renders that charge insufficient." *Utt*, 122 Ill. App. 3d at 274. The court determined that such a traffic complaint is void and cannot be amended, even if defendant does not claim prejudice. *Utt*, 122 Ill. App. 3d at 275; accord *People v. Tucker*, 131 Ill. App. 2d 598, 268 N.E.2d 191 (1971).

We decline to follow the holdings in *Utt* and *Tucker*, as we conclude that they mischaracterize the law. Illinois courts have long recognized that traffic offenses need not be charged with the specificity of indictments; naming the offense and citing the statute are generally sufficient. *People v. Tammen*, 40 Ill. 2d 76, 78-79, 237 N.E.2d 517 (1968); *People v. Clark*, 47 Ill. App. 3d 568, 571, 362 N.E.2d 407 (1977); *People v. Brausam*, 83 Ill. App. 2d 354, 365-66, 227 N.E.2d 533 (1967). Further, an erroneous statutory citation is not misleading where the defendant is advised of the alleged facts leading to the issuance of the ticket. See *Tammen*, 40 Ill. 2d at 79.

Relaxing the rigidity of the criminal law in the traffic-offense context does not unduly infringe upon the rights of the individual. *Brausam*, 83 Ill. App. 2d at 364; accord *People v. McClurg*, 195 Ill. App. 3d 381, 387, 552 N.E.2d 290 (1990). Specifically, the majority of cases both before and after *Tucker* and *Utt* hold that a traffic complaint is not void if it charges a defendant with driving "under the influence" without specifying "of alcohol," so long as the defendant otherwise knows prior to trial, *e.g.*, through a bill of particulars or discovery, that the ticket refers to alcohol. Such a ticket sufficiently apprises a defendant of the charges so that he or she can prepare a defense. See *People v. Askeland*, 166 Ill. App. 3d 78, 79-82, 519 N.E.2d 494 (1988); *People v. Meyer*, 102 Ill. App. 2d 159, 160-63, 243 N.E.2d 602 (1968); accord *People v. Burke*, 220 Ill. App. 3d 839, 847-48, 581 N.E.2d 304 (1991).

In the present case, defendant clearly knew he was charged with driving under the influence of alcohol. The record reveals that by December 27, 1993, long before trial, defendant had the accident report, an alcohol influence report, and medical records. Also, long before trial, defendant himself had the case continued so that an ADAS evaluation could be done. The defendant here clearly knew the nature of the charges against him and had time to prepare his defense. It follows that the State's amendment of the complaint was not improper.

■ A complaint may be amended on motion of the defendant or the State to correct formal defects, including a miswriting. 725 ILCS 5/111—5 (West 1992). Such amendment is permissible if the change is not material or does not alter the nature and elements of the of-

fense charged. An error in the citation of the statute giving rise to the charge is merely a formal defect that is subject to amendment. Formal amendment is warranted especially where there is no resulting surprise or prejudice to the defendant or where the record shows that he was otherwise aware of the actual charge. *People v. Flores*, 250 Ill. App. 3d 399, 401, 621 N.E.2d 142 (1993) (and cases cited therein); *People v. Wise*, 128 Ill. App. 3d 330, 332-33, 470 N.E.2d 1155 (1984).

■ In the present case, the addition of "of alcohol" with its Vehicle Code subsection "(a)(2)" was not substantive; it merely corrected a miswriting by the issuing police officer. The amendment did not change the nature of the offense charged. This addition, with the long-form charge of driving with a blood-alcohol content of .10 or more (625 ILCS 5/11—501(a)(1) (West 1992)), merely clarified under which subsections the State was proceeding. This clarification constitutes merely a formal amendment, rather than a substantive one, as the defendant argues. The amendment was granted on August 23, 1994, and defendant was tried on October 7. This was ample time to prepare a defense. These facts distinguish this case from cases such as *People v. Zajac*, 244 Ill. App. 3d 42, 614 N.E.2d 15 (1991).

■ Defendant next contends that the amendment violated his right to a speedy trial. Defendant argues that he demanded a speedy trial when he filed his appearance on December 27, 1993. Defendant claims that he had the right, pursuant to section 103—5(b) of the Code of Criminal Procedure of 1963, to be tried within 160 days from that date. 725 ILCS 5/103—5(b) (West 1992). Defendant further claims that his right was violated because the amendment, on August 23, 1994, occurred more than 160 days after his demand for trial.

Initially, the record shows that defendant failed to raise this issue in his motion for a new trial. Thus, the issue is waived. *People v. Young*, 128 Ill. 2d 1, 38-40, 538 N.E.2d 453 (1989); *People v. Alcazar*, 173 Ill. App. 3d 344, 354, 527 N.E.2d 325 (1988); *People v. Richardson*, 49 Ill. App. 3d 170, 172, 363 N.E.2d 924 (1977).

Even if we were to address this issue, we would conclude that defendant's speedy trial rights were not violated. The 160-day speedy trial period under Code of Criminal Procedure section 103—5(b) does not begin to run until demand for trial is made. *People v. Garrett*, 136 Ill. 2d 318, 324, 555 N.E.2d 353 (1990). The demand must be in writing. 725 ILCS 5/103—5(b) (West 1992). Further, the defendant must set forth the demand for a speedy trial under this section in the title or heading of any pleading containing the demand; the title or heading must say that defendant "demands a speedy trial"; and the body of the pleading must explicitly cite to Code section 103—5(b). *People v. Ground*, 257 Ill. App. 3d 956, 959-60, 629 N.E.2d 783 (1994).

The purpose of Code of Criminal Procedure section 103—5(b) is to secure a defendant's speedy trial guaranty, not to provide the defendant with a tactical weapon against prosecution. Because the demand for speedy trial is significant, "courts should not tolerate conduct by defendants that smack[s] of efforts to hide or bury their intent to invoke the speedy trial provisions of section 103—5(b) of the Code." *Ground*, 257 Ill. App. 3d at 959, cited in *People v. Staten*, 159 Ill. 2d 419, 422, 639 N.E.2d 550 (1994). This reasoning applies especially to the extremely high volume of cases in the traffic division of the first district municipal division of the circuit court of Cook County. It would be unreasonable, if not impossible, to require judges in traffic court to search all case files for approaching 160-day limits.

In the present case, defendant's purported December 27, 1993, demand for trial did not invoke his right to a speedy trial. The pleading is captioned "APPEARANCE" and reads: "The undersigned, as attorney, enters the appearance of defendant and demands trial," followed by the hand-printed name of defendant and the signature of an assistant public defender. This pleading falls far short of a proper demand for a speedy trial under section 103—5(b). See *People v. Erickson*, 266 Ill. App. 3d 273, 276-77, 639 N.E.2d 979 (1994). We hold that the trial court did not err in denying defendant's motion to dismiss the complaint and allowing the State's motion to amend the complaint.

■ Defendant next contends that the State failed to prove him guilty beyond a reasonable doubt. Where a criminal conviction is challenged based on insufficient evidence, a reviewing court, considering all of the evidence in the light most favorable to the prosecution, must determine whether any rational fact finder could have found beyond a reasonable doubt the essential elements of the crime. A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory as to create a reasonable doubt of the defendant's guilt. *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267 (1985).

Further, the fact finder is in the best position to assess the credibility of witnesses, determine the weight to be accorded their testimony, decide what inferences to draw from the evidence, and resolve any factual disputes arising from conflicting or inconsistent testimony. A reviewing court may not substitute its judgment for that of the fact finder on these issues. *People v. Smith*, 278 Ill. App. 3d 343, 355, 662 N.E.2d 480 (1996) (collecting cases).

In the present case, defendant challenges the sufficiency of the testimony of Officers Farrell and Gricki. However, the testimony of a single witness, if positive and credible, is sufficient to convict, even if

it is contradicted by the defendant. *People v. Loferski*, 235 Ill. App. 3d 675, 682, 601 N.E.2d 1135 (1992); *People v. Dunum*, 182 Ill. App. 3d 92, 104, 537 N.E.2d 898 (1989). After reviewing the entire record, we cannot say that the evidence is so improbable or unsatisfactory as to create a reasonable doubt of defendant's guilt.

Defendant also suggests in his brief that his trial counsel was ineffective in presenting additional evidence at the hearing on his motion for a new trial. However, such an insinuation does not meet the requirements of Illinois Supreme Court Rule 341(e)(7) and is deemed waived. 134 Ill. 2d R. 341(e)(7); *Calomino v. Board of Fire & Police Commissioners*, 273 Ill. App. 3d 494, 501, 652 N.E.2d 1126 (1995).

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

EGAN, J., concurs.

JUSTICE RAKOWSKI, specially concurring:

Although I concur, I write separately because I do not join in that portion of the majority opinion that discusses whether the original complaint was void and whether the defects contained therein are formal, substantive, or a miswriting. I respectfully submit that these considerations are simply not relevant to the critical issue— whether it was an abuse of discretion for the trial judge to allow the State to file an amended complaint.

When confronted with the defendant's motion to dismiss, the State requested leave to file an amended, long-form complaint. The trial judge allowed the State's motion. At this point, the viability of the original complaint is moot.

The cases cited in the majority opinion that distinguish between formal and substantive defects involve either a defendant's post-trial attack on the complaint or the State's attempt to amend during or post trial. However, as here, where the State's motion to amend was well in advance of trial and did not in any way prejudice the defendant, there is no reason to determine whether the defect in the original complaint is formal or substantive. See *People v. Kincaid*, 87 Ill. 2d 107 (1981); *People v. Casa*, 113 Ill. App. 2d 1 (1969); *People v. De Groot*, 108 Ill. App. 2d 1 (1968).