**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170869-U

Order filed March 30, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Marshall County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0869 Circuit No. 15-CM-89 |
| BARBARA A. HAYES, | ) ) ) | Honorable Thomas A. Keith, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Presiding Justice Lytton and Justice O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1       *Held*:   The circuit court abused its discretion in granting the State's motion to amend the complaint in the middle of the trial, and the evidence was insufficient to convict the defendant of the offense originally charged.

¶ 2       The defendant, Barbara A. Hayes, appeals her conviction for telephone harassment. The defendant argues that the court erred in granting the State's motion to amend the complaint in the middle of the trial. The defendant also argues that the evidence was insufficient to convict her of the amended charge and that certain testimony was improperly admitted.

¶ 3                                    I. BACKGROUND

¶ 4        The defendant was charged by criminal complaint with telephone harassment under section 26.5-2(a)(4) of the Criminal Code of 2012 (Code) (720 ILCS 5/26.5-2(a)(4) (West 2014)). The complaint alleged that the defendant "did knowingly make repeated telephone calls, during which conversation ensued, solely to harass Melanie Forrest, at the called numbers of her place of employment, Heartland Healthcare Center."

¶ 5        The matter proceeded to a bench trial. At the outset of the bench trial, the court and the parties discussed the elements of the offense. The court asked the parties whether they agreed that the following propositions applied: (1) the defendant used the telephone (2) for the purpose of making repeated telephone calls during which conversation ensued (3) intending solely to harass any person at the called number. The State and defense counsel agreed that those provisions applied.

¶ 6        During opening statements, the prosecutor stated that Forrest, DeGala Kimble, and Sue Legner would testify for the State. Defense counsel stated:

> "Your Honor, there was a phone call made. I do not believe the evidence will show that there were repeated phone calls made solely to harass any person at the called number, which was Heartland Healthcare. And I don't believe there will be any harassment of any kind shown regarding any person.
>
> And I think that's an essential element under the statute which provides that there must be repeated calls during which conversation ensued solely to harass any person at the called number. And I just—I do not believe that there is any shred of evidence that those elements will be met."

¶ 7        Forrest testified that she worked at Heartland Healthcare as a certified nursing assistant. The defendant had been her neighbor for approximately 15 to 18 years. Forrest had been having problems with the defendant for the last few years because Forrest's husband got a puppy. The defendant began calling the police and saying that the dog was barking all night. Forrest stated that the dog slept at the end of her bed and was not out at night. The police came to Forrest's house between 5 and 10 times regarding the defendant's complaints.

¶ 8        On the day of the incident, Forrest was working. Forrest was entering the break room, when Theresa, a coworker, asked her if she knew the defendant. Forrest said yes. Theresa told Forrest that the defendant "called [Heartland Healthcare] trying to cause problems." Theresa said that she transferred the defendant's call to Kimble. Kimble later told Forrest that she transferred the defendant's call to Legner. Forrest spoke to Legner about the call and asked if she could contact the police. Legner said yes.

¶ 9        On cross-examination, defense counsel's only question was whether just one telephone call was made. Forrest stated that there was only one call, but it was transferred to several people.

¶ 10        Kimble testified that she worked at Heartland Healthcare. Kimble stated that the defendant was a friend of her husband's family. Forrest was Kimble's coworker. Kimble had heard Forrest complain about the defendant prior to the day of the incident. Kimble received a phone call from the defendant when she was at work. The defendant told Kimble that she was very upset about the way that Forrest treated elderly people because Forrest worked in a nursing home. The defendant said that she was elderly, and she did not like the way that Forrest treated the elderly. The defendant and Forrest were not getting along as neighbors and had been arguing. The defendant wanted to talk to someone else, so Kimble transferred the call to Legner.

3

¶ 11        Legner testified that she was employed by Heartland Healthcare. She was the administrator at the time of the incident. As administrator, she oversaw all of the operations of the business, including employee relations, hiring, firing, and supervising. Forrest was one of Legner's employees. Legner did not know the defendant. Legner received a phone call from the defendant on the date of the incident. Legner stated:

> "The gist of the phone call was I wanted you to be aware that you have an employee working for you, and she's my neighbor, and I'm a senior citizen and she's not nice to me. And I guess, basically, she shouldn't be employed in a setting that takes care of geriatric people because she's not nice to me."

Legner believed that the problems the defendant discussed were possibly related to dogs.

¶ 12        Legner believed that the defendant wanted consequences at work for Forrest because there would be no other reason for the defendant to call Legner. The prosecutor asked Legner if there was anything about what the defendant said or her tone of voice that gave Legner that impression. Legner replied: "Well, yes—I mean, yes. She was almost like tattling, you know. I want you to know you have got this person employed by you that shouldn't be working with geriatrics because she is not nice to me, and I'm a senior citizen."

¶ 13        The phone call lasted three to five minutes. After Legner talked to the defendant, she worried about what to do with the information because it was not work related. The next time she saw Forrest, she told Forrest that she "had received a call from an unhappy neighbor reporting her for not being nice." There were no consequences to Forrest's employment as a result of the call.

¶ 14        After Legner's testimony, the prosecutor stated: "Judge, before the State rests, I would move to amend the charge to conform with the evidence ***." The State sought to amend the

4

complaint to charge the defendant under section 26.5-2(a)(2) of the Code (720 ILCS 5/26.5-2(a)(2) (West 2014)), which provides that a person commits the offense of telephone harassment by "[m]aking a telephone call, whether or not conversation ensues, with intent to abuse, threaten or harass any person at the called number." The State had originally charged the defendant under section 26.5-2(a)(4) (*id.* § 26.5-2(a)(4)), which provides that a person commits the offense by "[m]aking repeated calls, during which conversation ensues, solely to harass any person at the called number." The State argued that this would correct a formal defect in the complaint. The State argued: "The fact that it was one phone call or two or three doesn't really change the charge itself, but it changes essentially the elements, the facts, and the facts are what they are."

¶ 15    The defendant objected to any amendment of the charging instrument. The defendant argued that the State did not seek to correct a formal defect but rather sought to make a substantial amendment.

¶ 16    The court stated that if it ruled against the State, "the trial [was] over." The court stated "based on what I have, there are no *** repeated telephone calls here. The evidence shows there was one call." The court reserved ruling on the State's motion and continued the matter. The State said it would keep its case open.

¶ 17    The State filed a brief and argument in support of its motion to amend the charging instrument. The State argued that amending the complaint to charge the defendant under a different subsection of the statute was proper under section 111-5(f) of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/111-5(f) (West 2014)) because it involved "[t]he use of alternative or disjunctive allegations as to the acts, means, intents or results charged." The State argued that the number of calls the defendant made was "insignificant to the intents or results, but [was] simply an act or means to achieve the end

5

result." The State argued that the amendment from repeated calls to one call was not prejudicial and did not affect any defense or trial strategy the defendant may have had.

¶ 18    Approximately two months after the trial had commenced, a hearing was held on the State's motion. The State argued consistently with its written motion. Defense counsel argued that section 111-5 only applied to formal defects and could not be used to change the essential elements of the offense charged. Defense counsel argued that he was prejudiced because he did not challenge the State's evidence of harassment, namely Legner's testimony, to the extent that he would have if he had known that the State would not have to prove that multiple telephone calls took place. Defense counsel noted that section 26.5-2(a)(4) required the defendant to make the phone call solely to harass Forrest while section 26.5-2(a)(2) required the defendant to make the phone call with the intent to abuse, threaten, or harass Forrest. Defense counsel argued that this was a substantial difference.

¶ 19    The court granted the State's motion to amend the complaint. The court stated that it did not believe that the defendant had been prejudiced because the defendant could recall Legner as a witness in her case-in-chief. The court noted that amending the complaint changed the elements of the offense but did not increase the sentence. The court noted that the "solely to harass" requirement of section 26.5-2(a)(4) was a more difficult element to prove than the "intent to abuse, threaten, or harass" required by section 26.5-2(a)(2). However, the court stated that it believed the State had met the more difficult standard. The matter was continued.

¶ 20    The trial recommenced approximately two months after the hearing on the State's motion to amend the charging instrument. The defendant called Legner as her first witness. Legner testified that she did not remember the specifics of her conversation with the defendant "[o]ther than something to do with the dogs and a neighbor dispute." Defense counsel asked Legner:

6

"And did [the defendant] ask you to do anything about [Forrest], or ask you to fire her or anything like that?" Legner replied: "What I believe the gist that I recall was, she is not—I'm a senior citizen, she is not nice to me, therefore she should not be working with elderly people." Legner believed that the defendant wanted her to "do something" about Forrest, but she could not remember whether the defendant had said that explicitly. Legner believed that the defendant would have probably had no reason to call her if she did not want Forrest to suffer employment consequences.

¶ 21    The defendant testified that she made a telephone call to Legner and told her that she would appreciate it if Legner would tell Forrest to "quit speaking gossip about [the defendant] in the break room." The defendant testified that Forrest had told people in the break room that the defendant grew marijuana. The defendant did not request that there be any action against Forrest with regard to her employment. The defendant only wanted Forrest to stop talking about her. She did not intend to abuse, threaten, or harass Forrest or anyone else involved in the phone call. The defendant stated that she called Legner because she did not have Forrest's telephone number, and she did not want to go across the street onto Forrest's property. Also, the defendant believed that Forrest might listen to Legner because Legner was Forrest's boss. The defendant said that the police "were told about" Forrest's gossiping, but they did not "do anything about anything."

¶ 22    The court found the defendant guilty of telephone harassment. The court stated that Legner testified that the defendant called her and told her that Forrest should not be employed in a setting where she works with the elderly because the defendant was elderly, and Forrest was not nice to her. The court noted that Legner testified that she believed that the defendant wanted her to do something that would be of consequence to Forrest's employment. The court stated that it believed that was true. The court stated: "Even if I was to accept [the defendant's] testimony

7

about the gossip, even that, she called the person's boss." The court reasoned that everyone had issues with other people, "but when you try to contact someone's boss and try to have consequences, that's taking it a step further." The court stated: "So what the issue is for this Court is does this constitute an abuse or threatening or harassment of any person. I think it does."

¶ 23        The court sentenced the defendant to one year of probation.

¶ 24        The defendant filed a motion for a new trial. The motion stated that "[t]he court improperly allowed an amendment to the charge against [the defendant] after the [S]tate had completed its case." The motion also alleged that the statute under which the defendant was charged and convicted was unconstitutional.

¶ 25        During the hearing on the defendant's motion for a new trial, the court's comments were focused on the claim that the statute under which the defendant was convicted was unconstitutional. The court stated:

> "We have a threat in this case, if I recall my facts right, and I ask counsel to correct me if I'm wrong, but I found that [the defendant] called the employer of the intended victim for the purpose of getting her fired from her employment, and I found based on that that she committed the offense."

The court denied the motion.

¶ 26                              II. ANALYSIS

¶ 27        The defendant argues that the court abused its discretion in allowing the State to make a substantive amendment to the criminal complaint in the middle of the trial. The defendant contends that the amendment was substantive because it changed multiple elements of the offense. Specifically, section 26.5-2(a)(4) of the Code (720 ILCS 5/26.5-2(a)(4) (West 2014)), which was charged in the complaint, required the State to prove that she made repeated

8

telephone calls solely to harass Forrest. The court allowed the State to amend the petition to instead charge the defendant under section 26.5-2(a)(2) of the Code (*id.* § 26.5-2(a)(2)), which required the State to prove only that the defendant made one phone call "with intent to abuse, threaten or harass" Forrest.

¶ 28　　Initially, we reject the State's argument that the defendant failed to preserve this issue for appeal. Both a trial objection and a written posttrial motion raising the issue are required to preserve alleged errors that could have been raised during the trial. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). The State acknowledges that the defendant made a timely objection to the amendment of the complaint during the trial but argues that the defendant's posttrial motion did not raise this issue with sufficient specificity. The State notes that the posttrial motion failed to claim that defense counsel was hampered in preparing a defense, defense counsel was unprepared to examine any witness, or the defendant was prejudiced by the amendment. We do not believe that the specificity urged by the State was necessary to preserve this issue, and we find that the issue was properly preserved. See *People v. Heider*, 231 Ill. 2d 1, 18 (2008) ("In circumstances such as these, where the trial court clearly had an opportunity to review the same essential claim that was later raised on appeal, this court has held that there was no forfeiture.").

¶ 29　　Section 111-5 of the Code of Criminal Procedure (725 ILCS 5/111-5 (West 2014)) provides that a complaint charging the commission of an offense shall not be dismissed and may be amended on motion of either party at any time because of "formal defects." The statute lists several types of formal defects, including misspellings or grammatical errors, the presence of unnecessary allegation, and "[t]he use of alternative or disjunctive allegations as to the acts, means, intents or results charged." *Id.*

9

¶ 30    An amendment to a charging instrument to correct a formal defect "is permissible if the change is not material or does not alter the nature and elements of the offense charged." *People v. Dunskus*, 282 Ill. App. 3d 912, 916-17 (1996). "Formal amendment is warranted especially where there is no resulting surprise or prejudice to the defendant or where the record shows that he was otherwise aware of the actual charge." *Id.* at 917. An amendment is substantive rather than formal when the amendment changes the nature of the offense charged. *People v. Zajac*, 244 Ill. App. 3d 42, 44 (1991). We review the court's decision to allow the State to amend the complaint for an abuse of discretion. *People v. Ross*, 395 Ill. App. 3d 660, 668 (2009) ("A trial court's decision to allow an amendment to the charging instrument will not be disturbed unless the court abused its discretion.").

¶ 31    We find the decision in *Zajac*, 244 Ill. App. 3d at 43-44, to be instructive. In *Zajac*, the State charged the defendant with driving under the influence of alcohol (DUI) in violation of section 11-501(a)(1) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, ¶ 11-501(a)(1)), which provided that a person shall not drive or be in actual physical control of any vehicle while the alcohol content in the person's blood or breath is 0.10 or more. *Zajac*, 244 Ill. App. 3d at 43. After the jury had been sworn in, the court permitted the State to amend the section number under which the defendant had been charged to section 11-501(a)(2) (Ill. Rev. Stat. 1987, ch. 95½, ¶ 11-501(a)(2)), which stated that a person shall not drive or be in actual physical control of any vehicle while under the influence of alcohol. *Zajac*, 244 Ill. App. 3d at 43. The jury found the defendant guilty of DUI in violation of section 11-501(a)(2). *Id.* The defendant filed a motion in arrest of judgment, and the circuit court granted the motion. *Id.* On appeal, we affirmed the circuit court's order. *Id.* at 44. We reasoned that the amendment to the complaint was substantive rather than technical because it changed the nature of the evidence necessary to obtain a

10

conviction and the elements of the offense. *Id.* The *Zajac* court also noted that the trial proceeded immediately after the amendment, and it appeared that the defendant was not prepared to address the testimony of the State's witnesses on issues raised by the amendment. *Id.*

¶ 32    In the instant case, the court abused its discretion in permitting the State to amend the complaint in the middle of the trial. Like in *Zajac*, the amendment changed the elements of the offense. Specifically, the offense charged in the complaint, telephone harassment in violation of section 26.5-2(a)(4) of the Code (720 ILCS 5/26.5-2(a)(4) (West 2014)), required the State to prove that the defendant made repeated telephone calls. On the other hand, the offense charged in the amended complaint, telephone harassment in violation of section 26.5-2(a)(2) (*id.* § 26.5-2(a)(2)), required the State to prove that the defendant made only one call. Also, section 26.5-2(a)(4) required the State to prove that the defendant made the calls "solely to harass" any individual at the called number, whereas section 26.5-2(a)(2) required the State to prove that the defendant made the calls "with intent to abuse, threaten or harass any person at the called number." While "intent to harass" was arguably charged in the original complaint, the amended complaint allowed the State to prove two additional alternate mental states, intent to abuse or intent to threaten. Accordingly, the amendment to the complaint was substantive rather than formal.

¶ 33    Also, the amendment was prejudicial to the defendant. The amendment occurred after the State had presented all of the witnesses it said it would be calling during opening statements. The amendment also significantly affected the defendant's trial strategy. The defendant's opening statement, cross-examination of Forrest, and argument regarding the State's motion to amend showed that proving only one telephone call occurred was a significant aspect of the defense strategy.

11

¶ 34 In addition, the mental state that the State was required to prove after the amendment was less stringent than the one initially alleged. Under the charged offense, the State was required to prove that the defendant made phone calls *solely* to harass Forrest. Thus, it would have arguably been a defense to the charge that the defendant had a legitimate purpose in making the call even if she also intended to harass Forrest. See *People v. Jones*, 334 Ill. App. 3d 420, 424 (2002). However, after the amendment of the charging instrument, it was no longer a defense that the defendant may have also had a legitimate motive for the call.

¶ 35 We acknowledge that the defendant was given approximately two months after the amendment of the complaint before presenting her case-in-chief and was permitted to recall Legner as a witness. Nevertheless, we believe that the substantive amendment to the complaint was prejudicial, as it was made after the State had presented all the evidence it planned to present, changed the elements of the offense, and required the defendant to substantially change her strategy of defense.

¶ 36 We reject the State's argument that the amendment was formal, involving "[t]he use of alternative or disjunctive allegations as to the acts, means, intents or results charged." 725 ILCS 5/111-5(f) (West 2014). The making of repeated phone calls and the requirement that the defendant make the phone calls "solely to harass" Forrest were essential elements of the charged offense. See 720 ILCS 5/26.5-2(a)(4) (West 2014). Amending the complaint to allege that the defendant made only one phone call with the intent to abuse, threaten, or harass pursuant to section 26.5-2(a)(2) of the Code (*id.* § 26.5-2(a)(2)) changed the elements of the offense. It did not merely allege a different manner of committing the charged offense.

¶ 37 We also reject the State's argument that the defendant "was adequately informed through the original charge that she would have to defend against any manner of harassment by

telephone." In support of its argument, the State cites *People v. Flores*, 250 Ill. App. 3d 399, 401 (1993), for the proposition that "an error in the citation of the statute giving rise to a charge is a mere technical defect which is subject to amendment [citations], particularly where the sections involved are not separate and distinct offense but are simply different ways in which the same offense may be committed." Here, there was no error in the citation to the telephone harassment statute. The subsection cited in the complaint, section 26.5-2(a)(4), matched the allegations in the complaint. At the outset of the trial, the parties agreed that the elements of the offense were those charged in the complaint, including the element of repeated telephone calls. The State sought to amend the complaint only after it had presented its witnesses and realized that it had not presented evidence of repeated telephone calls. The mere fact that the original charge and the amended charge both alleged violations of section 26.5-2 under different subsections does not necessitate that the amendment was formal. See *Zajac*, 244 Ill. App. 3d at 44. The State's amendment was substantive because it altered the elements of the offense. *Supra* ¶ 32.

¶ 38     We also reject the State's argument that the amended charge was effectively a lesser-included offense of the original charge. The circuit court does not err when it allows the State to amend a charging instrument to charge a defendant with a lesser-included offense. *People v. Knaff*, 196 Ill. 2d 460, 474 (2001). This is because a defendant is considered to be "charged by implication" with the lesser offense where the charging instrument specifically charges the greater offense and sufficiently alleges the conduct and mental states for the lesser offense. *Id.* at 473. When determining whether an uncharged offense is a lesser-included offense of a charged offense, courts employ the charging instrument approach. *People v. Kennebrew*, 2013 IL 113998, ¶ 32. "[A]n offense is a lesser-included offense under the charging instrument approach

13

if every element of the uncharged offense is contained in the indictment or if any element not listed in the indictment can be reasonably inferred from the indictment allegations." *Id.* ¶ 34.

¶ 39   In the instant case, telephone harassment under section 26.5-2(a)(2) was not a lesser-included offense of telephone harassment under section 26.5-2(a)(4) under the charging instrument approach. The complaint charging the defendant with telephone harassment under section 26.5-2(a)(4) did not include an allegation that the defendant intended to "abuse, threaten, or harass" a person at the called number, which is an element of telephone harassment under section 26.5-2(a)(2). The intent to harass was alleged in the original complaint, or at least could be reasonably inferred from the allegation that the defendant made phone calls "solely to harass" Forrest. However, the intent to abuse or threaten was not alleged in the complaint and could not be reasonably inferred from the allegations in the complaint. Notably, when pronouncing the defendant guilty, the court did not specify whether it had found that the defendant made the phone call with the intent to abuse, threaten, harass, or some combination of these mental states. At the hearing on the motion for a new trial, the court indicated that it had found that the defendant threatened Forrest.

¶ 40   Also, the application of the lesser-included offense doctrine is ill-suited to this case because telephone harassment under section 26.5-2(a)(2) is not a "lesser" offense than telephone harassment under section 26.5-2(a)(4). Both offenses are Class B misdemeanors. 720 ILCS 5/26.5-5(a) (West 2014).

¶ 41   Thus, the court erred in allowing the State to amend the complaint in the middle of the trial to charge the defendant under section 26.5-2(a)(2). As the trial evidence did not show that the defendant made repeated phone calls to Heartland Healthcare, the evidence was insufficient to convict the defendant of telephone harassment under section 26.5-2(a)(4) of the Code.

14

Accordingly, we reverse the defendant's conviction for telephone harassment. We need not reach the defendant's additional arguments on appeal challenging the sufficiency of the evidence and unpreserved claims of error regarding the admission of allegedly improper testimony.

¶ 42                                   III. CONCLUSION

¶ 43        The judgment of the circuit court of Marshall County is reversed.

¶ 44        Reversed.